RICHARD LANCASTER *et al.*

*v.*

THE WAUKEGAN AND SOUTHWESTERN RAILWAY COMPANY.

*Filed at Springfield March 31, 1890.*

1. RULES OF PRACTICE—*in the Supreme Court—power of the court.* The Supreme Court not only has inherent power to prescribe rules of practice, but such power is expressly conferred by statute.

2. Such rules, when established, have the force of law, and are ob- ligatory upon the court itself, as well as upon the parties to causes ·pending before it. While the court may modify or even rescind its rules, yet until it does so it should administer them according to their terms. It has no discretion to apply them, or not, according to its con- venience, unless such discretion is reserved in the rules themselves.

3. PRACTICE IN SUPREME COURT—*affirmance for not filing abstract and briefs within the rule.* An appellant is required to file his abstracts and briefs at a certain prescribed time before his cause is liable to be called, and rule 35 provides that if they are not so filed the judgment of the court below shall be affirmed.

4. SAME—*non-assignment of error—affirmance.* If on appeal or error there be no errors assigned upon the record, the judgment below will be affirmed.

APPEAL from the County Court of Cook county; the Hon. FRANCIS E. CLARKE, Judge, presiding.

Messrs. ENNIS & MASON, and Mr. C. L. HEYDECKER, for the appellant.

Messrs. WILLIAMS, HOLT & WHEELER, for the appellee.

Per CURIAM: When this case was reached on the regular call of the docket at the last January term, no abstracts or briefs had been filed by the appellants, and the judgment might then have been affirmed for non-compliance with the thirty-fifth rule of practice of this court. The appellants, however, interposed a motion for an extension of the time given them by the rules for filing their abstracts and briefs, and supported their motion by an affidavit, and, on consideration of said motion, said time was extended to the 27th day of January last, and thereupon the case was taken on abstracts and briefs to be filed in pursuance of said order. No abstracts or briefs were filed by the appellants within the time thus given, and, so far as we are aware, none have as yet been filed.

Not only has this court inherent power to institute and prescribe rules of practice, but such power is expressly conferred by statute. R. S. 1874, Chap. 37, Sec. 12. Such rules when established have the force of law and are obligatory upon the court itself, as well as upon the parties to causes pending before it. While the court may at any time modify or even rescind its rules, yet until it does so, it should administer them according to their terms, and it can have no discretion to apply them or not, according to its convenience, unless such discretion is reserved in the rules themselves. *Owens* v. *Ranstead,* 22 Ill. 161; *I. C. R. R. Co.* v. *Haskins,* 115 id. 300; *Beveridge* v. *Hewitt,* 8 Ill. App. 467. By the rules of this court, an appellant is required to file his abstracts and briefs at a certain prescribed time prior to the time his cause is liable to be reached on the call of the docket, and rule thirty-five provides

that, if such abstracts and briefs are not filed within the time prescribed, the judgment of the court below will, on the call of the docket, be affirmed.

The order granting to the appellants an extension of the time for filing their abstracts and briefs was not a rescission but a mere modification of said rule in its application to this case. It gave them until the 27th day of January last to file abstracts and briefs, and postponed until the period of extension should elapse the power and duty of the court to enforce the rule.

The extended period for filing their abstracts and briefs having expired and the appellants being in default, the rule again applies, and nothing remains for us to do but to enforce it. It may further be observed that the appellants have assigned no errors upon the record, and therefore no questions of law would be presented for our consideration even if we had been furnished with abstracts and briefs.

For the non-compliance by the appellants with the rule in relation to filing abstracts and briefs, and also for their failure to assign errors the judgment of the court below will be affirmed.

*Judgment affirmed.*