## Samuel B. Walker v. S. D. Pratt and Lucy B. Pratt.

1. APPELLATE COURT PRACTICE—*Stipulations as to Transcripts.*— A stipulation to incorporate a bill of exceptions in the transcript of the record is the warrant for such incorporation.

2. SAME—*Assignment of Errors.*—Where there is no assignment of errors upon, or attached to the record, the court can not review the case.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1894. Appeal dismissed. Opinion filed November 12, 1894.

CARPENTER BROS., attorneys for appellant.

McCRACKEN, TRAINOR & CROSS, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the original submission of this case we followed the many decisions we have made, that a stipulation, that a bill of exceptions might be incorporated in the record, was not sufficient to bring it into the transcript.

We had followed the old rule repeated in Potter v. Peeples, 92 Ill. 430–6, that "the naming of one thing is the exclusion of others." Perhaps we had not given sufficient weight to the acquiescence of the appellee in treating the bill of exceptions as part of the transcript, and thereby, independently of the stipulation, being evidence of an agreement that the bill of exceptions should be incorporated in the transcript.

The Supreme Court has lately held, Lake Shore, etc., Ry. v. Hessions, 150 Ill. 546, that the stipulation to incorporate in the record is warrant for incorporation in the transcript, and we must follow. But the appellant is no better off than before. There is no assignment of errors upon or attached to the record, and therefore we can not review the case, and the appeal is dismissed. Lancaster v. Waukegan and S. W. Ry., 132 Ill. 492.