## O. M. Brady v. Washington Insurance Co.

1. CLERKS OF COURTS—*Duty in Transferring Cases to the Short Cause Calendar.*—When a suit on the regular trial calendar is transferred to the short cause calendar it is the duty of the clerk on making such transfer, to strike the cause from the regular trial calendar.

2. ERROR CORAM NOBIS—*Default of the Clerk—Grounds for.*—Where the court in striking a cause from the trial docket is misled by the failure of the clerk to strike such cause off the regular trial calendar such failure of the clerk is a sufficient ground for a writ of error *coram nobis.*

Assumpsit.—Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. JOSEPH E. GARY, Judge, presiding. Appeal from the justice dismissed; appeal to this court by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed April 17, 1899.

Statement of the Case.—This was an appeal by appellee to the trial court from a judgment rendered against it by a justice of the peace. The present appeal is from a judgment dismissing appellant's suit for want of prosecution at appellant's costs. It appears from the record before us, that the cause was placed on the regular trial calendar for September, 1895, in the branch of the trial court presided over by the Hon. Nathaniel C. Sears; that in October, 1895, it was, by proceedings in accordance with the statute, placed on the short cause calendar, but was not stricken off the regular trial calendar, and, February 10, 1896, on motion of appellant's attorney, it was stricken from the short cause calendar. April 30, 1896, the cause not having been stricken from the regular trial calendar, it was reached on a preliminary call of cases on that calendar, and appellee not appearing, its appeal, on motion of appellant's attorney, was dismissed for want of prosecution. Appellee did not, nor did its attorney, learn of the dismissal of its appeal until after the expiration of the April term of the court, and at the following May term it moved the court, on notice to appellant's attorney, to set aside and vacate the judgment dismissing the appeal, which motion the court

Brady v. Washington Ins. Co.

allowed, and May 23, 1896, vacated the order dismissing the appeal, and set the cause for trial at the June term, 1896, of the court.   June 24, 1896, when the cause was reached for trial, appellant failed to prosecute, and his suit was dismissed for want of prosecution.   On a former appeal to this court, it not appearing from the record that appellant had any notice of the motion to vacate the order dismissing the appeal, or that there was any cause for setting it aside which would be good on a writ of error *coram nobis*, the court reversed and remanded the cause.   In its opinion, the court say :

" The judgment of the June term, 1896, is reversed and the cause remanded, with direction to vacate the order of the May term, 1896, unless some cause be shown for setting aside the judgment of April, 1896, which would be sufficient on a writ of error *coram nobis*."

The cause was redocketed in the trial court, on motion of appellant, and the court set aside the judgment against appellant rendered June 24, 1896, but overruled appellant's motion to vacate the order of May 23, 1896, reinstating the appeal, and ordered the cause to stand for trial.   Appellant again failing to prosecute, his suit was dismissed at his costs for want of prosecution.

The appellee, in opposition to appellant's motion to vacate the order of May 23, 1896, read certain affidavits, one of which purports to show a good defense to the suit.

F. L. SALISBURY, attorney for appellant.

A. L. FLANINGHAM, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The question to be decided is whether cause was shown for setting aside the judgment of April 30, 1896, which would be sufficient on a writ of error *coram nobis*.   It appears from the foregoing statement of facts that the cause was first on the regular trial calendar; that subsequently it was placed on the short cause calendar; that afterward it was stricken from the latter calendar, and that up to April

30, 1896, when the appeal was dismissed, it had remained continuously on the regular trial calendar from the time when it was first placed on that calendar.

Section 14 of the practice act provides:

"The clerks of the courts shall keep a docket of all the causes pending in their respective courts in which shall be entered the names of the parties, the cause of action and the name of the plaintiff's attorney, and he shall furnish the judge and bar at each term with a copy of the same," etc.

Sec. 16 provides that all causes shall be tried or otherwise disposed of in the order they are placed on the docket, etc.   The docket thus made up is the regular trial calendar. Section 1 of the short cause calendar act makes it the duty of the clerk of each court of record to prepare a trial calendar, in addition to the regular trial calendar, to be known as the short cause calendar, and to place suits on that calendar, upon proper notice and affidavit, as prescribed by the section.

Section 2 makes it the duty of each judge of a court of record to designate at least one day in each week for the trial of cases on the short cause calendar, and provides that suits once placed thereon shall remain thereon until disposed of in their order.

Section 5 is as follows:

"If a suit which is upon the regular trial calendar shall be placed on the short cause calendar it shall be stricken off the regular trial calendar, and shall not again be placed thereon except upon notice to the defendant, his agent or attorney."   3 S. & C.'s Stat., C. 110, par. 97–101.

It is manifest from these provisions that the duty of making up both the regular and short cause calendars is imposed on the clerk, and we are of opinion that it is intended by the statute that the clerk, when he places on the short cause calendar a suit which is on the regular trial calendar, shall, at the same time, strike it off the latter calendar.   By the statute the application to place a cause on the short cause calendar is made solely to the clerk, the court has no duty to perform in the premises and has no means of knowledge of an application to place a cause on

Brady v. Washington Ins. Co.

the short cause calendar, or even of its being on that calendar, until the calendar is placed before the court.    It being the sole duty of the clerk to make up the calendars, and the statute being peremptory, that when a suit on the regular trial calendar is placed on the short cause calendar it shall be stricken off the former calendar, and the court having no knowledge of the transfer from the regular calendar to the short cause calendar at the time such transfer is made, and not being required by the statute to act in any way in respect to such transfer, we can not avoid the conclusion that it is the duty of the clerk on making such transfer to strike the cause from the regular trial calendar.    Had the court known, April 30, 1896, when appellee's appeal was dismissed, that it had been taken from the regular calendar and put on the short cause calendar, and afterward stricken from the latter calendar, but that it had never been stricken from the regular trial calendar and restored thereto, as provided by section 5, quoted, *supra,* we think it clear that the order of April 30, 1896, would not have been made.    In contemplation of law the cause not being regularly on the regular trial calendar did not then stand for trial.    The court, in making that order, was misled by the failure of the clerk to strike the cause off the regular trial calendar when he placed it on the short cause calendar.

A default of the clerk is one of the recognized grounds for a writ of error *coram nobis.*    Pickett's Heirs v. Legerwood, 7 Pet. 144; Watson v. Chadsey, Ill. App., Oct. T., 1898, Gen. No. 7,927, unreported.

In Tidd's Practice, Section 1137, the author says:

" So, upon a judgment in the King's Bench, if there be error in the process or through the default of the clerk, it may be reversed in the same court by writ of error *coram nobis.*"

We find no reversible error in the record, and the judgment will be affirmed.

Judge SEARS took no part in the decision of this case.