## Isadore Silverman et al. v. Mary A. Childs et al.

1. CORAM NOBIS—*Writ Authorized Where Case is Tried Which Was Improperly on the Trial Calendar.*—Where a cause has been placed on the short cause calendar and afterward stricken off, it can not be restored to the regular calendar without notice to defendant, and if such cause through the neglect of the clerk to strike it off the regular calendar when he placed it upon the short cause calendar, is tried in its order as if it were properly on the regular calendar, such negligence of the clerk is sufficient ground for a writ of *coram nobis*, and authorizes the court to pass upon the motion to set aside the judgment at a subsequent term.

Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed April 20, 1903.

Judgment was rendered in justice court in favor of appellees and against appellant and one Joseph Silverman.

Silverman v. Childs.

An appeal was taken to the Circuit Court by appellant only. November 2, 1899, upon notice supported by affidavit, said cause was placed on the short cause calendar. December 9, 1899, the court entered an order striking said cause from the short cause calendar. The record contains no order restoring the cause to the regular calendar. April 21, 1901, without notice to appellant, and in his absence, said cause was called for trial, tried by a jury, who found for appellees, and a judgment was rendered against appellant for $93. March 8, 1902, a motion by appellant to set aside such judgment, supported by affidavits, was overruled; from which action of the court this appeal was perfected.

P. E. O'NEIL and MOSES H. BLOCH, attorneys for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Section 15 of Ch. 110 (Hurd) R. S., reads:

"The clerks of the courts shall keep a docket of all the causes pending in their respective courts, in which shall be entered the names of the parties, the cause of action, and the name of the plaintiff's attorney, and he shall furnish the judge and bar, at each term, with a copy of the same," etc.

The docket thus made up is the regular trial calendar. Under Section 95 of the same chapter it is the duty of the clerk, when proper notice, supported by affidavit, has been given and that notice is filed by him, to place the specified cause on the short cause calendar. By this act the cause was stricken from the regular calendar, and it was then the duty of the clerk to have so marked it. This he did not do. By Section 99 of the same chapter it is provided:

"If a suit, which is upon the regular trial calendar, shall be placed upon the 'Short Cause Calendar,' it shall be stricken off the regular trial calendar, and shall not again be placed thereon, except upon notice to the defendant, his agent or attorney."

It therefore appears that this case, at the time it was called for trial, was on neither calendar, and did not then stand for trial. The statute provides (Sec. 17) that "all causes shall be tried, or otherwise disposed of, in the order they are placed upon the docket, unless the court for good and sufficient cause shall otherwise direct."

It is evident that this cause was reached upon a call of the regular calendar, and was tried in its order as if it was properly there. The ignorance of the court as to the facts arose from the neglect of the clerk to strike the case off the regular calendar when he placed it upon the short cause calendar. Such negligence of the clerk is sufficient ground for a writ of *coram nobis*, and authorized the court to pass upon the motion to set aside the judgment at a subsequent term. Brady v. Washington Ins. Co., 82 Ill. App. 380.

We are of the opinion that the court erred in overruling the motion of appellant to vacate such judgment and to grant a new trial of said cause.

The judgment of the Circuit Court is reversed and the cause remanded.