## John Domitski v. American Linseed Company.

### Gen. No. 11,284.

1. ERROR OF FACT—*what is, authorizing vacation of judgment after entry term.* The misprisions of the clerk in failing to keep the declaration in the files of a case and in failing to make an entry of the filing thereof on the register kept pursuant to rule of court, is such error of fact as will warrant the vacation of a judgment after the term of entry.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed November 29, 1904.

**Statement by the Court.** Plaintiff in error, John Domitski, brought in the Superior Court an action on the case for personal injuries alleged to have been sustained by him through the negligence of the defendant, the American Linseed Company. The summons was returned served "on W. Hirst, general manager and agent of defendant, November 26, 1902."

The declaration was filed January 6, 1903, and alleged in each count that "the defendant was a corporation duly

Domitski v. American Linseed Co.

organized and doing business under and by virtue of the laws and statutes of the State of Illinois." The default of the defendant for failure to appear was entered February 5, 1903, at the February term. February 27, 1903, the last day but one of the February term, the damages of the plaintiff were assessed by a jury at $3,500, and a judgment rendered for that sum and costs against the defendant. At the March term of the court the defendant, upon motion in writing, moved that the default, assessment of damages and judgment be vacated upon the grounds, *inter alia*, that the defendant was a corporation organized under the laws of New Jersey and not a corporation organized or doing business under the laws of Illinois, and that the record did not show the issuance or service of any summons upon the defendant; because no declaration had been filed against the defendant; because the plaintiff had no cause of action against the defendant and because the default of the defendant in said cause was improperly and inadvertently entered without any fault on the part of the defendant, and filed with the motion affidavits in support thereof. Notice of the motion was given to the plaintiff and he appeared and objected to the court entertaining the motion and to the reading of each of the affidavits in support of the motion on the ground that the court had at the March term no jurisdiction to entertain a motion to set aside a judgment entered at the February term. The plaintiff did not file counter affidavits nor in any manner traverse the statements made in the motion or in the affidavits filed in support thereof. March 31, 1903, the court sustained the motion of the defendant and entered the following order:

"On motion of defendant, American Linseed Company, by its attorney, it is ordered, the order of the default entered herein of record on February the 5th, A. D. 1902, and the order of judgment entered herein on February 27th, 1903, be, and is, hereby set aside and vacated, because of error in fact, in the entering of said judgment, and upon condition that the said defendant plead herein instanter, and consents to trial of said cause immediately after the trial of the case of O'Connor & Morton, now on trial,

which terms defendant accepts, to which the plaintiff excepts,.and thereupon leave is hereby given the plaintiff to file a bill of exceptions herein within thirty days of this date."

Plaintiff duly excepted to said order and took a bill of exceptions setting forth the affidavits read and evidence heard in support of the motion. April 30, 1903, the suit was dismissed for want of prosecution. Plaintiff then sued out this writ of error and contends that the Superior Court erred in entering the order that the default and judgment be vacated and the defendant in error, under cross-errors, contends that the declaration is defective and not sufficient to support the judgment.

CHASE R. RANKIN, H. BASSETT SHERMAN and C. HELMER JOHNSON, for plaintiff in error.

KRAUS, ALSCHULER & HOLDEN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

We shall first consider the errors assigned upon the order vacating and recalling the judgment for the plaintiff. The affidavits filed in support of the motion to vacate the judgment and the evidence at the hearing of the motion are sufficient to warrant and support a finding by the Superior Court of the following facts: that the agent of the defendant, upon whom the summons for the defendant was served, was not W. Hirst but was J. W. Hirst, and that the defendant was not organized under the laws of Illinois, but was organized and incorporated under the laws of the State of New Jersey; that the said defendant was not guilty of any negligence which caused or contributed to the injury of the plaintiff; that November 15, 1902, Kraus, Alschuler and Holden, attorneys at law at Chicago, were retained by the defendant to represent and defend it in said suit; that before November 1, 1902, the Superior Court had adopted and entered of record certain rules of procedure which were in force and effect from that time until the hearing of said motion, among which was the following:

Domitski v. American Linseed Co.

" Rule 2.   The clerk shall keep a register in which shall be noted :

1.   The number and titles of all cases, petitions or proceedings commenced in said court;

2.   The names of the respective attorneys therein;

3.   The dates of filing each paper filed in said case, describing the same as briefly as may be necessary for identification;" that said attorneys caused the register of said court, kept under the rule above set out, and the files in said cause in the office of the clerk of said court, to be carefully searched and examined for the purpose of ascertaining whether a declaration had been filed in said cause on each of the following days: December 29, 1902, within eight days of the first day of the January term, 1903, of said court; January 6, 1903, the day before the first day on which the default of the defendant could be taken under the rules of the court if the declaration was filed ten days before the first day of that term; January 26, 1903, within eight days of the first day of the February term of the court; February 3, 1903, the day before the day on which the default of the defendant could be taken if the declaration was filed ten days before the first day of the February term; that at no one of the times above mentioned was there a declaration in said cause among the files of said cause in the office of the clerk of said court, nor was there any entry or minute in the register kept by the clerk pursuant to the rule of court above set out, stating or showing that a declaration had been filed in said cause January 6, 1903, or at any other time.

The Superior Court was from the facts above stated and from all the evidence before it, warranted in finding that the failure of the defendant to file a plea in time to prevent a default and judgment, was not caused by nor was it the result of any default or negligence on the part of the defendant or its attorneys, but was caused by and was the result of the fault and misprision of the clerk of the court in failing either to keep the declaration among the files of the case where it belonged or to make an entry or minute in the register kept by him, showing the filing of a decla-

ration in the case. "Rules of practice when established have the force of law." Lancaster v. W. & S. W. R. R. Co., 132 Ill. 492. The register must be regarded as a book which the clerk was by law required to keep.

Chapter 67 of our Practice Act abolishes the writ of error *coram nobis* and provides that "all errors in fact committed in the proceedings of record and which by the common law could have been corrected by said writ may be corrected by the court in which the error was committed upon motion in writing," etc.

There are cases which seem to hold that the remedy by writ of error *coram nobis* is limited to infants, insane persons and persons under some special disability. But such cases are mere illustrations of the scope of the remedy afforded by the writ. The remedy at common law is not limited to such cases. In Sanders v. The State, 85 Ind. 318, and The State v. Calhoun, 50 Kan. 523, it [was held that a person sentenced to the penitentiary on plea of guilty was entitled, after the term, to relief from such sentence by proceedings in the nature of a writ of error *coram nobis* upon showing that he entered such plea through fear of violence from a mob. In Crouch v. Mullinix, 1 Heisk. 478, after all litigated cases had been continued by a general order of court, not entered in the particular case, a replevin suit was dismissed and writ of inquiry awarded against the plaintiff and it was held that the plaintiff was entitled to have such dismissal vacated in a proceeding in the nature of a writ of error *coram nobis*. In Crawford v. Williams, 1 Swan. (Tenn.) 341, it was held that a writ of error *coram nobis* is an available remedy to avoid a judgment rendered against a party who had a valid defense existing on the facts of the case, but who without negligence has failed to make that defense. In Pisa v. Rezek, 206 Ill. 344, Mr. Justice Boggs said: "The motion substituted by the statute for the writ of error *coram nobis* may be invoked to correct an error of fact that came within the scope of the writ at common law as that * * * a valid defense existed in fact, but which, without negligence of the defendant, was not made, either through du-

Domitski v. American Linseed Co.

ress, fraud or excusable mistake, without negligence on the part of the party who by the motion complained of the action of the court."

The plaintiff might have made an issue of fact by controverting the allegations of fact stated in the motion and in the affidavits filed in support thereof, but, as has been said, he offered no evidence, made no denial, and the case comes before us upon uncontradicted evidence that the failure of the defendant to file a plea and make a defense was caused by and was the result of the failure of the clerk either to keep the declaration among the files of the case or to make in the register kept by him a minute or entry showing the filing of the declaration. The order carefully protected the rights of the plaintiff, for it was made upon condition that the defendant plead *instanter* and consent to a trial of the case next after the case then on trial. Under this order the plaintiff might have had a trial of his case months before it would have been reached for trial if the plea had been filed in proper time, but he saw fit, in place of going to trial, to permit his suit to be dismissed for want of prosecution. It would be a great hardship to hold this defendant to pay this large judgment for damages to the plaintiff, for which, upon the facts stated in the affidavits, the defendant was not liable, because of the negligence and misprision of the clerk. We think the facts stated in the affidavits and in the evidence at the hearing of the motion disclose such an error of fact as might, at common law, be corrected at a subsequent term on a writ of error *coram nobis*, and that the order of the Superior Court vacating and recalling the judgment was proper. The writ of error brings the entire record before us for review. The defendant in error has the right to assign cross-errors to question the original judgment, but as the order vacating and recalling that judgment must be affirmed, we do not deem it necessary to pass upon the cross-errors assigned by him.

The order of the Superior Court vacating and recalling the judgment for the plaintiff will be affirmed.

*Affirmed.*