### James Black v. William L. Exley.
#### Gen. No. 11,614.

1. REGULAR TRIAL CALENDAR—*when cause not properly on.* Where a cause has been placed upon the short cause calendar, it cannot again properly appear on the regular trial calendar until placed there by order based upon notice to the opposite party, or his counsel; and this is true notwithstanding the cause has been stricken from the short cause calendar "without prejudice."

BAKER, P. J., dissenting.

Action of replevin. Error to the County Court of Cook County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 5, 1905. Rehearing denied June 23, 1905.

**Statement by the Court.** Defendant in error originally brought an action in replevin against plaintiff in error be-

Black v. Exley.

fore a justice of the peace and obtained judgment from which an appeal was prosecuted to the County Clerk. In that court the case was placed on the short cause calendar pursuant to the provisions of the statute (R. S. chap. 110, Practice Act). It was not reached for trial on that calendar and about a month after it had been placed thereon it was, on motion of the plaintiff in the suit, stricken off the short cause calendar "without prejudice." This order was entered without notice to the defendant or his attorney, neither of whom was present or represented in court. A week later the cause appeared on the trial call of "the regular trial calendar," in the order in which it would have stood if it had never been placed on the short cause calendar. Thereupon the defendant's attorney appeared and moved to strike the cause from the regular trial call on the ground that having been placed on the "short cause calendar" and thereby stricken off "the regular trial calendar" as the statute provides, and not having been thereafter restored thereto in the manner required by statute, the case was not properly on that regular calendar for trial.

The provision of the statute (Section 5 of the Short Cause Calendar Act) is as follows: "If a suit which is upon the regular trial calendar shall be placed upon the 'short cause calendar,' it shall be stricken off the regular trial calendar, and shall not again be placed thereon, except upon notice to the defendant, his agent or attorney."

The court took the motion to strike the case from the trial call under advisement after hearing the defendant's objections. At the afternoon session of court the plaintiff's attorney was allowed over defendant's objection to file affidavits in opposition to defendant's motion. These affidavits have no special relevance to the question now presented. The court after hearing overruled the defendant's motion to strike the cause from the trial call, and it was afterwards called for trial in its order when reached upon "the regular trial calendar." Defendant's attorney then objected to the trial of the case on the same ground, viz., that it was still on the "short cause calendar." The objection was overruled and

defendant's attorney preserved his exception. He thereupon declined to participate in the trial on the ground that the court had no jurisdiction to try the case at that time. The plaintiff's attorney called his witnesses and the trial proceeded to verdict. It appears that the defendant was present with his attorney during the trial, and after return of the verdict entered orally a motion for a new trial, and subsequently filed points in writing in support of said motion.

ROBERT E. PENDARVIS, for plaintiff in error.

CLARK & CLARK, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

When a cause has once been placed upon the "short cause calendar" in the manner provided in the statute (R. S. chap. 110, sec. 95-99), it becomes the duty of the clerk to strike it off the "regular trial calendar." Brady v. Washington Ins. Co., 82 Ill. App. 380-382. In contemplation of law the case is no longer on the regular trial calendar, and must be treated accordingly. There is thereafter no way to get it back upon that calendar if it be not passed or continued, "except upon notice to the defendant, his agent or attorney." The case at bar was improperly stricken off the short cause calendar without such notice and in violation of the statute. In contemplation of law it still remained on said short cause calendar notwithstanding the order striking it off. The attorney for the plaintiff in the trial court suggests that the record does not show the case ever to have been upon the short cause calendar. It does, however, show a notice to place it on that calendar and an order striking it off. When, therefore, the cause appeared on the trial call of the regular trial calendar it was improperly there. The defendant's attorney appeared and moved to strike it off. Both parties were then present in court, with full notice, and upon hearing and consideration, the court refused to strike the cause off the regular trial calendar. This was equivalent to restoring it to that calendar with notice to the defendant. Before that time the cause had been on that calendar by default of the clerk.

Brady v. Washington Ins. Co., *supra,* p. 383.  Thereafter it was there by act of the court.  The statute does not provide for any special method of giving notice, nor does it fix any time.  The court had power to place the cause again on the regular trial calendar or docket, both parties having notice and being present.  Section 16 of the Practice Act provides that all causes shall be tried or otherwise disposed of in the order they are placed upon the docket.  Having been replaced on the regular trial calendar or docket, the cause was subject to trial when reached in its order, and it was so tried over the objection of the defendant.  The objection, however, was that the case was still on the short cause calendar.  In this defendant's attorney was mistaken.  It had been restored to the regular calendar by the court's previous action.  Doubtless had there been a motion for continuance based on proper affidavits in compliance with the requirements of the Practice Act in that respect, the court would have granted the application.  It appears that the defendant and his attorney were present during the trial, and refused to participate therein.  This was the defendant's right, but in the absence of any showing or application for a continuance, no reason appears why the trial should not have proceeded as it did.

Finding no material error, therefore, the judgment of the County Court must be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE BAKER, dissenting.