## Jacob Aaron v. Jefferson Ice Company.

### Gen. No. 12,721.

1. TRIAL CALL—*when dismissal made upon.* Where the order dismissing a case recites that the dismissal was made when the case was called for trial, such order will prevail in the absence of contradiction in the bill of exceptions.

2. YEARLY GENERAL CALL—*right of attorneys to rely upon correctness of.* The yearly general call is printed pursuant to rule of court and the bar is entitled to rely upon its correctness. Changes made in the title of cases should only be made by the clerk upon application to the court and notice to the parties in interest.

3. ERROR OF FACT—*what constitutes, justifying setting aside of order after lapse of term.* Where a case is dismissed upon the yearly general call, jurisdiction to set aside the order of dismissal after the lapse of the term of entry exists by virtue of the provisions of section 66 of the Practice Act, where it appears that the title of the cause as shown upon the original calendar was erroneously printed and subsequently corrected, without notice to the parties in interest.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906.

**Statement by the Court.** Appellant brought an action against appellee before a justice and recovered a judgment for $143, from which defendant appealed to the Circuit Court. In that court on January 11, 1905, at the January term, the following judgment was entered:

"This cause being called for trial and the defendant failing to prosecute its appeal in this behalf, on motion of plaintiff's attorney it is ordered that said appeal be and the same is hereby dismissed at defendant's costs for want of prosecution and that a *procedendo* do issue herein that the plaintiff do have and recover of and from the defendant his costs and charges in this behalf expended and have execution therefor."

No motion was made at the January term by the

defendant to set aside said judgment, but March 11th, at the February term, the following order was made in the case: "This day comes the defendant and enters herein its motion to set aside the order of dismissal and judgment heretofore entered herein, which motion is hereby continued."

March 18th, also at the February term, an order was made, continuing said motion, "to the March term next ensuing."

March 21st, at the March term, the following order was entered in the case:

"This cause coming on to be heard upon the defendant's motion heretofore entered herein to set aside the order of dismissal and judgment heretofore entered herein after arguments of counsel and due deliberation by the court, said motion is sustained. It is therefore ordered that the order of dismissal and judgment heretofore on February 11, 1905, entered herein be and the same is hereby set aside and vacated."

May 14th, the case was set for trial on motion of plaintiff and notice to the defendant.

May 11th, the case was reached for trial, and the plaintiff failing to prosecute his suit, a judgment was entered that the suit be dismissed at plaintiff's costs, and from that judgment the plaintiff prosecutes this appeal.

The plaintiff took a bill of exceptions at the March term and another at the May term.

HOYNE, O'CONNOR & HOYNE, for appellant.

KICKHAM SCANLAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

One of the contentions of appellee is, that the call of February 11th, was not a "trial call," but a "preliminary call," and that a rule of the Circuit Courts provides that when an appeal is dismissed on a "preliminary call," "the appeal will be dismissed with

leave to reinstate within thirty days for good cause shown.''

The judgment of dismissal, entered February 11th, begins with the recital: ''this cause being called for trial,'' and the judgment of dismissal is absolute.

The published call of February 11th is not made a part of the affidavits filed in support of the motion to set aside the order of dismissal, nor is it stated, either expressly or by implication, in said affidavits, that the call of that day was a ''preliminary'' and not a ''trial call.''

Upon this record the judgment of dismissal must be held to have been entered when the case was called for trial, and the rule as to dismissal of appeals on a preliminary call not applicable.

The contention of appellee that the plaintiff by giving notice and having the case set for trial May 14th, waived the right to question the jurisdiction of the court to enter the order and judgment of March 21st, vacating the judgment of dismissal, cannot be sustained. The plaintiff took his bill of exceptions upon the said order, but the order was not appealable and could not be reviewed until a final judgment was entered in the cause, and in order to have such judgment entered it was necessary to have the case set for trial. The plaintiff took no part in the trial, but refused to go to trial, upon the ground that the court had no jurisdiction of the case and the court then, on motion of the defendant, dismissed the suit for want of prosecution.

The record presents the question whether the Circuit Court, at the March term, had jurisdiction to set aside the judgment dismissing the appeal entered at the January term. It appears from the bill of exceptions taken May 17th, that there is a rule of the Circuit Court containing the following provision:

''The clerk of the court will each year make up a general calendar of all law cases pending prior to July 1st of each year in the order of their term numbers.

Copies of such calendars shall be printed and ready for distribution on or before the third Monday of August of each year.''

It appears from the affidavits filed in support of the motion to vacate the judgment of February 11th, that the printed trial calendar issued by the clerk of the Circuit Court, of cases pending July 1, 1904, contains no case with the title, ''Jacob Aaron v. Jefferson Ice Company,'' but contains a case with the title ''Jacob Aaron v. Anderson I. Co.;'' that in the copy of said calendar kept by the clerk the word ''Jefferson'' was written over the word ''Anderson,'' and the memorandum of the order dismissing the appeal was entered in said calendar in said case; that defendant's attorneys who had charge of said case did not know until after said judgment of dismissal was entered, that the entry therein of: ''Aaron v. Anderson I. Co.'' was a mistake, or that it was intended for the case of ''Aaron v. Jefferson Ice Co.;'' that he watched the call of said calendar for the case of Aaron v. Jefferson Ice Co. and that the defendant had valid defense to said suit upon the merits.

A rule of court required the clerk to make and print said calendar for distribution. Such a rule has the force of law. Lancaster v. W. & S. W. R. R. Co., 132 Ill. 492.

Section 14 of the Practice Act requires the clerk to furnish to the judge and bar a copy of his docket containing a list of all pending cases. We think that the calendar in question, made and printed by the clerk for distribution, in accordance with said rule of court, must be regarded as a calendar or docket which the law required the clerk to make and print for distribution, and that the defendant and its attorneys had a right to rely upon such printed calendar. When the clerk discovered an error in such printed calendar he should have applied to the court, upon notice to the parties in the case is which such error was, for leave to correct the error, in place of making the correction with-

out leave of court or notice to the parties and then calling the calendar as corrected.

In Pisa v. Rezek, 206 Ill. 344, it was said that: "The motion substituted by the statute for the writ of error *coram nobis* may be invoked to correct an error in fact that came within the scope of the writ at common law as that   *   *   *   a valid defense existed in fact but which without negligence of the defendant was not made either through duress, fraud or excusable mistake without negligence on the part of the party who by the motion complained of the action of the court."

We had occasion in Domitski v. American Linseed Co., 117 Ill. App. 292-296, to examine the authorities upon the question as to what errors of the clerk would authorize the court to set aside a judgment at a subsequent term, and need not here repeat what was said in that case.

The Circuit Court was, we think, from the facts above stated and from all the evidence before it, warranted in finding that the failure of the attorneys of the defendant to be present at the call of the calendar on February 11th and thereby prevent the dismissal of defendant's appeal, was not caused by, nor was it the the result of any default or negligence on the part of the defendant or its attorneys, but was caused by and was the result of the fault and misprision of the clerk of the court in failing to include in the printed calendar, printed for and distributed by him, of cases pending in said court July 1, 1904, said case under its proper title, and in altering, without notice to the defendant or leave of court, said calendar by changing the title of the case appearing therein as "Aaron v. Anderson I. Co." to "Aaros v. Jefferson I. Co.," and calling said case for trial from said calendar under its title as so altered and changed, and that the defendant had a valid defense to the suit. And we are further of opinion that the Circuit Court did not err in holding that the facts thus found disclosed such an error in

fact as authorized that court, at the March term, to vacate and recall the judgment of dismissal entered at the February term.

Finding no error in the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*