Roy C. Holbrook, Appellant, v. L. C. Lawton, Appellee.

Gen. No. 22,356.

JUDGMENT, § 273*—*when motion lies to vacate by writ of error coram nobis.* A motion lies to vacate a judgment by a writ of error *coram nobis* where a Circuit Court clerk fails to obey a rule of court requiring him to place upon the wrapper of a case the name of the judge to whom the case was reassigned, as the result of which a judgment by default is entered by a judge whose name is on the files and to whom it had been assigned at a prior time.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917. Rehearing denied October 25, 1917. *Certiorari* denied by Supreme Court (making opinion final).

THOMAS J. DAWSON and HELDMAN, JACOBSON & GRAFF, for appellant; MORTON S. CRESSY and WILLIAM E. RAFFERTY, of counsel.

JOHN S. MILLER and MANIERRE & PRATT, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The appeal in this case and the writ of error in *Holbrook v. Lawton,* Gen. No. 22,670, *post,* p. 505, were consolidated for hearing. The matters involved in both the appeal and the writ of error, especially as to the facts, are in a great part the same. The appeal asks to have set aside an order vacating the judgment at law in the lower court, on the ground that there was no error of fact which came within the purview of section 89 of the Practice Act (J. & A. ¶ 8626); and the writ of error is prosecuted on the theory that the judgment that was entered in the lower court was, as a matter of law, erroneous.

On June 14, 1913, Roy C. Holbrook began an action

of trespass on the case on promises, in the sum of $10,000, against L. C. Lawton and Dutch Guiana Culture Company, a corporation. The summons was returnable to the July term of the Circuit Court. The summons was served on L. C. Lawton on June 19, 1913, and returned "the other within named defendant not found in my County."

On August 2, 1913 (of the July term of the Circuit Court), appellant, Holbrook (hereinafter called plaintiff), filed a declaration consisting of the common counts, on the back of which there was a "copy of the account sued on" but without an affidavit. On August 22, 1913, an order was entered on motion of the plaintiff, defaulting the defendant, and to the effect that the plaintiff "ought to have, and recover of, and from the defendant, L. C. Lawton, his damages sustained herein by reason of the premises." On October 17, 1913, before Judge Petit, on motion of the attorney for the plaintiff, an order was entered "that the suit be, and the same is, hereby dismissed as to the defendant Dutch Guiana Culture Company." That order also provided that the matter be referred to the jury to assess the plaintiff's damages as to the defendant L. C. Lawton. The verdict of the jury was to the effect that they found "the issues for the plaintiff" and assessed the plaintiff's damages in the sum of $9,500. On December 2, 1913, the defendant filed a plea of the general issue and on December 4, 1913, pursuant to notice served on the plaintiff, moved the court that the minutes of the judgment of October 17, 1913, be expunged or, if the court should hold that the judgment was a valid existing judgment, that it should be vacated for "errors in fact committed in the proceedings." On the same day the court ordered "that the execution of this cause be, and the same is, hereby stayed until further notice of this court. It is further ordered that the clerk of this court be, and he is hereby, ordered to spread of record no further or-

ders in this cause until further notice from this court." Subsequently on a petition for a writ of mandamus this last order was set aside by the Supreme Court. Various orders were entered from time to time in regard to appearances and other matters which are unimportant here. On December 8, 1914, the court of its own motion continued the hearing until after the Supreme Court should decide the mandamus proceeding. On April 15, 1915, Judge Petit entered an order complying with the mandate of the Supreme Court and expunging that part of the order of December 4, 1913, which directed the clerk not to spread of record further orders in the same cause until further notice from this court. Various amendments were made by the defendant to his motion of December 4, 1913, and on July 26, 1915, the plaintiff filed an amended motion which is in the nature of a declaration and sets forth the reasons why the plaintiff claims that the judgment of October 17, 1913, "written and entered of record on said 18th day of May, A. D. 1915" should be vacated and the default of said defendant on August 22, 1913, be held void or vacated and set aside. On August 2, 1915, the plaintiff filed a special demurrer.

On January 11, 1916, Judge Honore overruled the special demurrer of the plaintiff to the amended motion and entered an order on the plaintiff to answer the amended motion instanter. The plaintiff stood upon his demurrer and thereupon an order was entered vacating the judgment. This appeal is from that order.

The amended motion of July 26, 1915, which is specifically demurred to, states that the case in which Judge Petit rendered the judgment of October 17, 1913, was not then assigned to him but had been, on August 1, 1913, assigned to the late Judge Lockwood Honore; that Rule 2 of the court provided that "the clerk should place upon the wrapper of each case the name of the judge to whom it is assigned" and that

"all pleadings will be settled and orders entered in a cause by the judge to whom the same is assigned," etc.; that when the case was begun on June 14, 1913, the clerk, following the rule, assigned it to Judge Petit and placed on the wrapper of the case the name of Judge Petit, to whom the case was then assigned; that on July 21, 1913, a general order of the court was entered, directing the clerk, *inter alia,* to prepare five law calendars for all of the law cases commenced since August 1, 1912, up to and including July 31, 1913; that the instant case was by the clerk duly placed as No. 659 on calendar No. 2, assigned to Judge Honore; that it was the duty of the clerk, under the rule and practice, to place upon the wrapper of that case the name of the said Judge Honore as the name of the judge to whom the case was assigned; that the clerk failed to do so; that about the 1st of September, 1913, the printed calendar came into the hands of the attorneys for the defendant and that they thereby received actual notice that the case had been reassigned to Judge Honore and that they relied upon that notice and were led to believe that all orders and any judgment which might be applied for, or rendered, would take place only before Judge Honore; that on October 17, 1913, Judge Honore was present and held court in his court room; that the defendant, by his attorneys "in contemplation of law and in fact by reason of the said notice to them and their knowledge of the assignment of said case to the said Judge Honore," were in the court and court room of the said Judge Honore on that day; that they had no notice of any proceedings before Judge Petit on October 17, 1913; that on that day the attorneys for the plaintiff took the files and the wrapper, on which latter appeared the name of Judge Petit, to him and, owing to the lack of knowledge of Judge Petit of the failure of the clerk to place the proper name on the wrapper, and his lack of knowledge of the assignment of said case to Judge Honore, and his lack of knowl-

edge that it was not assigned to him, all of which ignorance of the court was the result of the clerk's omission, and the fact that the attorneys for the plaintiff applied for judgment, Judge Petit rendered judgment.

It is now claimed by appellant that the trial court was without jurisdiction to enter any order vacating the judgment of October 17, 1913; and that it should have sustained the demurrer. Of course, that matter was not before the Supreme Court in the mandamus case. When the Supreme Court in that case said (266 Ill. 628), "after the lapse of the term, however, the power of the court over its judgment was gone," it had no reference to any proceedings which might be properly taken in the nature of "error *coram nobis.*" Likewise, the further language of that court, that the *nisi prius* court could not "change, increase, alter, reduce, vacate, modify or interfere with any judgment rendered at a former term" had reference only to the conventional inhibitions. No other subject was before it. In opposition to the contention of appellant, it is claimed by the appellee that his motion to vacate the judgment shows facts from which it appears that the judgment of October 17, 1913, was rendered by Judge Petit as the result of an error in fact.

When Judge Petit rendered the judgment of October 17, 1913, he did so on the assumption that, as a matter of fact (not as a matter of law), the case was assigned to him. The wrapper of the files which was before him, was stamped with his name, but at that time the fact was that the case (on calendar No. 2 as case No. 659) was assigned to Judge Honore, who, by reason of the Circuit Court Rule 2, that "all pleadings will be settled and orders entered in a cause by the judge to whom the same is assigned" was the only judge in the Circuit Court who could enter an order in that case. It is only fair to assume that the fact that the wrapper bore his name was the only rea-

son why Judge Petit undertook to render judgment. No matter of law was involved, but it was the result of a simple misrepresentation of facts. Judge Honore was, it is set forth, in his court room at that time and the case was assigned to him. Judge Petit had no more authority to render judgment, under the circumstances of the case, than would a judge sitting in some other circuit in the State. He went through the form of rendering judgment because his name appeared stamped on the file wrapper. If the name "Honore," that of the judge who alone had authority to enter an order in the case, had been stamped by the clerk of the court on the file wrapper, as it would have been had it not been for the default of the clerk, Judge Petit would not have rendered judgment. It is somewhat similar to the case where a clerk of the court fails to file a pleading; and in *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, the court said: "If the clerk should fail to file a plea or answer, and by such failure a party should be prevented, without fault or negligence, from making a defense, the error might be corrected by the motion substituted for the writ." In *Pickett's Heirs v. Legerwood,* 7 Pet. (U. S.) 147, quoting Archbold, the court says: "Error in the process, or through default of the clerk" is a ground for error *coram nobis.* The case having been assigned to Judge Honore, and the file wrapper remaining stamped "Petit," it was the default of the clerk, and that alone which misled Judge Petit as to the assignment of the case. The court acted on the facts as presented by the clerk; and as presented by the clerk the court did not have the truth. In *Domitski v. American Linseed Co.,* 117 Ill. App. 292, where a clerk of the court failed to keep a declaration in the files or to make a proper entry of it, the court held that the failure of the defendant to file a plea in time to prevent a default and judgment, because the clerk had not kept the declaration in the files or made a

proper entry of it, was attributable to the fault and misprision of the clerk. So, in the instant case, the clerk's fault and misprision were in not changing the assignment on the wrapper. A judge, as well as an attorney, may be misled by the fault of a clerk. In *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516 (*supra*), the court said: "The error in fact which may be assigned under the motion must be some fact unknown to the court which, if known, would have precluded the rendition of the judgment." Here Judge Petit would not have rendered judgment if he had known the fact that the clerk had failed to stamp the wrapper correctly, that is, with the word "Honore." It was not a matter pertaining to the rules of the court; we assume Judge Petit knew the rules, but it was purely a matter of fact apart from the rules, that is, what representations persuaded him to render judgment in a case which was not pending before him and over which he had no jurisdiction. The defendant was present in another court where it had been announced by the official and authoritative calendar his case was pending. Evidently the failure of the clerk to put the name of the judge to whom the case was assigned on the outside of the file wrapper induced Judge Petit to act. He relied upon the facts as presented by the clerk, a ministerial officer of the court, and the record as set forth in the motion shows that the representations of the clerk were untrue. As in *Domitski v. American Linseed Co.*, 117 Ill. App. 292 (*supra*), the court said: "It would be a great hardship to hold this defendant to pay this large judgment for damages to the plaintiff, for which, upon the facts stated in the affidavits, the defendant was not liable, because of the negligence and misprision of the clerk."

The tendency of the law in this State is to allow the motion under section 89 whenever it is obvious that the action of the court is based upon the fault (either of omission or of commission) of the clerk of

the court. As said in *Brady v. Washington Ins. Co.,* 82 Ill. App. 380: "A default of the clerk is one of the recognized grounds for a writ of error *coram nobis.*" Tidd's Practice, sec. 1137; *Silverman v. Childs,* 107 Ill. App. 522. In the latter case the court said: "The ignorance of the court as to the facts arose from the neglect of the clerk to strike the case off the regular calendar when he placed it upon the short cause calendar. Such negligence of the clerk is sufficient ground for a writ of *coram nobis,* and authorized the court to pass upon the motion to set aside the judgment at a subsequent term." In *Brady v. Washington Ins. Co., supra; Silverman v. Childs, supra;* and *Aaron v. Jefferson Ice Co.,* 129 Ill. App. 570, there was, as in the instant case, a failure on the part of the clerk of the court to do a necessary ministerial act. In each of those cases the court entered an order based on a mistake or misrepresentation of the clerk, and then allowed the motion in the nature of the writ of error *coram nobis.* Rule 2 provides that the clerk "will place upon the wrapper of each case the name of the judge to whom the same is assigned." That was intended as a simple and convenient guide for the court, to save it from making a search through a mass of records. The motion sets up that the name of the judge to whom the case was assigned was not placed upon the wrapper but the clerk by mistake left there the name of another judge and the latter acted through the misinformation of the clerk. To allow the motion will work no injustice; the case has not been tried on its merits; the matter here involved on appeal is one of procedure, and under the circumstances, assuming what is admitted by the special demurrer, it is only reasonable that the order of the lower court vacating the judgment be affirmed.

Other points have been argued and we have examined them, but, in view of the foregoing, it has

become unnecessary to deal with them here. As to the motion of appellee to dismiss the appeal on the ground that certain documents never became part of the common-law record and were not incorporated in a bill of exceptions, we are of the opinion that it should be denied.

Finding no error in the record the judgment is affirmed.

*Affirmed.*