## L. L. Ness, Appellee, v. Gordon Bell, Appellant.

### Gen. No. 7,804.

1. Judgments and decrees—*nature of motion to correct error of fact.* A motion to correct errors of fact *aliunde* the record in a court of record is in the nature of a declaration in a new suit.

2. Discontinuance and dismissal—*necessity of pleading to motion to reinstate cause.* A party cannot question the sufficiency of a motion to reinstate a cause if he proceeds to a hearing thereon without demurring, moving to dismiss, or pleading to the same.

3. Discontinuance and dismissal—*on whom is burden of proving allegations of motion to reinstate cause.* A party has the burden of proving the allegations of his motion to reinstate a cause unless he obtains a rule on his opponent to plead before entering on a hearing thereon.

4. Discontinuance and dismissal—*what affidavit will support motion to reinstate cause.* A motion to reinstate a cause should be granted on an affidavit stating that a written appearance alleged to be required by rules of court was handed to a deputy clerk who failed to enter it on

the docket; that the parties had agreed the case should be set down for a future date which the adverse party had not observed; that movent had a meritorious defense and the judgment against him was not entered through his or his attorney's fault, and on the lack of any evidence in opposition except the clerk's statement that he did not recollect the matter.

5. Appeal and error—*necessity of including rules of nisi prius court in record.* The rules of a *nisi prius* court cannot be reviewed by an Appellate Court unless they are a part of the record.

6. Saving questions for review—*how rules of trial court made part of record.* Rules of a *nisi prius* court must be offered in evidence and be made part of the bill of exceptions in order to become part of the record.

7. Appeal and error—*necessity of serving copy of praecipe for record.* A failure to give notice of the filing of a praecipe for the record does not prejudice the adverse party in his desire to bring the rules of the court into a record purporting to contain a complete copy of the bill of exceptions, in view of the requirement that they must first be introduced in evidence and made a part of the bill of exceptions.

Appeal by defendant from the Circuit Court of Grundy county; the Hon. S. C. Stough, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded with directions. Opinion filed September 27, 1927.

J. W. Rausch and Warren E. Bull, for appellant.

Cornelius Reardon, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

Appellee obtained a judgment before a justice of the peace in Grundy county against appellant for $300. Said cause was appealed to the circuit court, the transcript being filed on May 10, 1926.

On June 2, 1926, the April term of said court was adjourned to court in course, and on September 10, 1926, the June term was so adjourned. On December 22, the court made the following entry in this proceeding:

"Now, on this day comes the plaintiff by his attorney, Cornelius Riordan, and it appearing to the court that the defendant, Gordon Bell, has failed to enter his appearance in writing in this behalf, there-

fore on motion of plaintiff's attorney, it is ordered that said appeal be and the same is hereby dismissed at defendant's costs for want of appearance in writing being filed by appellant, and that a *procedendo* do issue herein to the court below.''

Judgment was rendered against appellant for costs, and execution was ordered to issue therefor. On the same day an order was entered adjourning the September term until court in course.

On January 10, 1927, appellant filed a motion to set aside the order of December 22, 1926, and to reinstate said cause, etc. In support of said motion Warren E. Bull, attorney for appellant, filed his affidavit setting forth that on June 9, 1926, he handed to the deputy clerk of said court his appearance in writing as counsel for appellant, a copy of which said appearance he attached to said affidavit; that the clerk of said court ''through a mistake and misprision, failed to place said appearance among the files in this cause, and failed to make any entry on the court records showing the filing of said appearance,'' etc.; that neither he nor appellant knew of the entry of said judgment until the 5th day of January, 1927; ''that within two or three days after the said trial before the justice of the peace below, the said Frank H. Hayes, then acting as attorney for the said L. L. Ness, and this affiant, acting as attorney for the said Gordon Bell, agreed that this cause should be tried in the Circuit Court of Grundy County, Illinois, to which it had been appealed, before the first jury to be called in said court after the said Gordon Bell returned to the State of Illinois, which return the said Gordon Bell expected to make early in the fall of 1926. This affiant further says that the said L. L. Ness, the plaintiff in this cause, knew of the agreement of his counsel, Frank H. Hayes, with this affiant.

''This affiant further says that no jury was called during either the June or September terms of the Cir-

cuit Court of Grundy County, Illinois, in the year 1926; that the said L. L. Ness procured another counsel than the said Frank H. Hayes to appear for him and secure the default entered against the said Gordon Bell in the above entitled cause, which entry of default was in violation of the agreement between his said counsel, Frank H. Hayes, and this affiant.''

Said motion set forth substantially the same facts as were stated in the affidavit. Notice was given appellee by service of a copy of said motion and affidavit.

It is insisted by counsel for appellee that, inasmuch as the term, at which said suit was dismissed, was adjourned before the motion to vacate was made, the trial court at the following term had no jurisdiction to entertain said motion. In support of this contention, counsel cites *Glaefke v. Western Electric Co.*, 145 Ill. App. 383. An examination of that case discloses that the suit there involved was dismissed on a general call of the docket. The court at page 385 says:

''The record also contains an order of the circuit court authorizing a general call of cases on the law docket. In this order appears the following provision: 'It is further ordered that the cases so called for trial * * * may for good cause shown to the court, on notice to the opposite party or his attorney, be reinstated within ninety days from date of said order.' ''

The instant case, at the time said order of dismissal was entered, was not on the general or trial call of the docket.

A motion to correct errors of fact in proceedings of courts of record is the commencement of a new suit, in which the motion stands in place of a declaration. *People v. Noonan*, 276 Ill. 430; *Rolenec v. Rolenec*, 210 Ill. App. 329. Such motion is in the nature of a new suit, having for its object the determination of an error of fact *aliunde* the record. *Madden v. City of Chicago*, 283 Ill. 165, rev'g 205 Ill. App. 612; *Smith v. Fargo*, 307 Ill. 300.

Motions of this character are based on section 89 of the Practice Act (Cahill's St. ch. 110, ¶ 89) which provides:

"The writ of error *coram nobis* is hereby abolished, and all errors of fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

Under this section a misprision of the clerk in failing to enter and continue a motion to quash an attachment, which resulted in the entry of a judgment against the defendant, without negligence on his part, was an error in fact which did not appear of record, and warranted the setting aside of the judgment. *Warner v. Wende,* 214 Ill. App. 431.

Where a circuit clerk has failed to obey a rule of court requiring him to place on wrapper of case the name of the judge to whom the case has been reassigned, and, in consequence, a default judgment has been entered by a judge whose name is on file and to whom case had been assigned at prior time would also warrant the setting aside of the judgment. *Holbrook v. Lawton,* 207 Ill. App. 497.

In *Domitski v. American Linseed Co.,* 117 Ill. App. 292, the court in discussing a question of this character at page 295 says:

"The Superior Court was from the facts above stated  *  *  *, warranted in finding that the failure of the defendant to file a plea in time to prevent a default and judgment, was not caused by nor was it the result of any default or negligence on the part of the defendant or its attorneys, but was caused by and was the result of the fault and misprision of the clerk of the court in failing either to keep the declaration among the files of the case where it belonged or to

make an entry or minute in the register kept by him showing the filing of a declaration in the case. 'Rules of practice when established have the force of law.' *Lancaster v. W. & S. W. R. R. Co.,* 132 Ill. 492. The register must be regarded as a book which the clerk was by law required to keep.

"Chapter 67 of our Practice Act abolishes the writ of error *coram nobis* and provides that 'all errors in fact committed in the proceedings of record and which by the common law could have been corrected by said writ may be corrected by the court in which the error was committed upon motion in writing.' " This case was affirmed by the Supreme Court in *Domitski v. American Linseed Co.,* 221 Ill. 161.

Appellee proceeded to a hearing on said motion without having demurred, moved to dismiss or plead to the same, and he is therefore not in a position to question the sufficiency of said motion. However, we are of the opinion and hold that, inasmuch as appellant did not obtain a rule on appellee to plead before entering on said hearing, the burden was upon him to prove the allegations of his motion.

So far as the record discloses, said motion was heard upon the affidavit filed, and the testimony of Frank D. Condon, clerk of said court. This witness was called by the court of its own motion, and testified, "I have no recollection of this matter. There was no name entered on the docket." On the hearing, the court entered an order denying said motion. To reverse said order, this appeal is prosecuted.

The testimony of the circuit clerk does not amount to a denial that the entry of appearance in question was not delivered to his office for filing. The preponderance of the evidence is therefore clearly to the effect that such entry was in fact handed to said deputy clerk, but, through her neglect, it was not entered on the docket or placed with the files in said cause.

Said affidavit further recites an agreement between counsel representing appellant and appellee, to the effect that said case should be set down for trial on the calling of the first jury after the return of appellant to this State, and alleges that appellee had knowledge of such agreement. The affidavit states that appellant has a meritorious defense to said suit, and clearly discloses that it was not by his or his attorney's neglect that said order and judgment was entered. Under the authorities above set forth, the evidence in this record was clearly sufficient to warrant the setting aside of said judgment.

It is also contended by counsel for appellant that the purported rule of said circuit court, requiring the entry of appearance of the parties or counsel representing them, was not offered in evidence and is not a part of the record in this case. Counsel for appellee concedes that it is not a part of the record, but has set out said purported rule in his brief and argument, and has caused to be filed in this court a bar docket purporting to be issued by the clerk of said court, containing the rules of said court, one of which is the one here in question.

The rules of a *nisi prius* court cannot be reviewed by an appeal court unless a part of the record. *Davis v. Northwestern El. R. Co.,* 170 Ill. 595–599; *Sixby v. Chicago City Ry. Co.,* 260 Ill. 478. In the latter case the court at page 483, in discussing a question of this character, says:

"Neither the Appellate Court nor this court takes judicial notice of the rules of practice from time to time in force in any other court than the municipal court, (*Anderson v. McCormick,* 129 Ill. 308,) and that is the rule of other courts. (3 Cyc. 179; 17 Am. & Eng. Ency. of Law,—2d ed.—923; *Rout v. Ninde,* 118 Ind. 123; *Cherry v. Baker,* 17 Md. 75.)"

Counsel for appellee seeks to obviate the effect of his failure to offer said rules in evidence on the hearing

on said motion, by stating that no notice was given as required by statute, of the filing of the *præcipe* for the record, and states that if he had received such notice, he might have had the rules of court included in the record.

In order to have had said rules made a part of the record, they must have been offered in evidence and have been made a part of the bill of exceptions. The record purports to contain a full and complete copy of the bill of exceptions. Appellee therefore is not prejudiced by the fact that a copy of the *præcipe* for the record was not served upon him. *People v. Chicago Title & Trust Co.*, 266 Ill. 224–226; *People v. Union Gas Co.*, 258 Ill. 193–195; *Weil v. Mulvaney*, 262 Ill. 195.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded, with directions to allow said motion to reinstate and redocket said cause, and to vacate the order awarding *procedendo*.

*Reversed and remanded with directions.*