(Nos. 10560-10382.)

THE PEOPLE *ex rel.* William L. O'Connell, County Col-
lector, Appellee, *vs.* EDWARD T. NOONAN, Appellant.—
THE PEOPLE *ex rel.* Henry Stuckart, County Collector,
Appellee, *vs.* GEO. I. HICKS, Trustee, *et al.* Appellants.

*Opinion filed December 21, 1916—Rehearing denied Feb. 7, 1917.*

1. PRACTICE—*what must be set up in motion to set aside judg-
ment for error of fact.* A motion made under section 89 of the
Practice act to set aside a judgment for an error of fact must set
up and rely upon such fact or facts as do not appear upon the rec-
ord and are unknown to the court, and which, if known, would
have precluded the rendition of the judgment.

2. SAME—*recitals of judgment cannot be contradicted on mo-
tion to correct errors of fact.* It is only concerning matters of
which the judgment itself is silent that the court may entertain a
motion, under section 89 of the Practice act, to correct errors of
fact, and affidavits in support of such motion cannot be heard to
contradict the record, even though the facts stated, if true, tend
to show fraud.

3. SAME—*a judgment and an order of sale need not be entered
against all property at same time.* Where an application for judg-
ment and order of sale is duly made and the case is argued on the
objections and taken under advisement, the court is not required

to enter judgment against all of the property at the same time but may enter judgment against part of the property at one term and the remainder at a later term, and no further application or notice to the parties is required.

4. SAME—*case taken under advisement goes over to next term by operation of law.* A case taken under advisement which is not disposed of at that term goes over until the next term by operation of law, and the court may at some subsequent term render judgment without additional service on either party.

5. RES JUDICATA—*what is not res judicata.* A finding by the county court, in sustaining a motion to quash the notice and process of sale for a delinquent special assessment, that the application for judgment is still under advisement and that no judgment has been rendered, is not *res judicata* of the merits of the application for judgment and is no bar to the entry of judgment.

APPEALS from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, and the Hon. DAVID T. SMILEY, Judges, presiding.

EDWARD T. NOONAN, and WILLIAM J. DONLIN, for appellants.

HARRY F. ATWOOD, HARRY F. HAMLIN, and HENRY R. BALDWIN, (SAMUEL A. ETTELSON, Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the June term, 1913, of the county court of Cook county the county collector of Cook county made application for judgment and order of sale against certain real estate for delinquent taxes and special assessments. Among the tracts against which judgment was sought were certain lots in Edward T. Noonan's subdivision of the city of Chicago, against which there had been extended amounts aggregating about $4200 on account of a special assessment. Appellant Edward T. Noonan filed objections to the application for judgment against these lots. A hearing was had upon these objections and the cause was taken under

advisement. On July 31, 1913, judgment was rendered against all lots and tracts as to which no objections had been filed, but no judgment was then rendered against the lots involved in this appeal. Thereafter, in June, 1914, the collector advertised appellant's lots for sale under the judgment of July 31, 1913. Noonan thereupon filed his motion to quash the process and notice of sale, alleging that there had been no judgment and order of sale against said lots. The court sustained this motion, and on October 20, 1914, entered an order finding, in substance, that no judgment had been rendered against said lots on July 31, 1913, and directing that said process and notice of sale be quashed. Afterwards, on December 5, 1914, the county court rendered judgment and entered an order of sale against said lots on the application of the county collector made at the June term, 1913. The judgment order recites, among other things, that E. T. Noonan was present in person and by W. J. Donlin, his attorney, and that the order was entered with the consent of the said E. T. Noonan. It also recites that said E. T. Noonan did there in open court waive and release all errors in the judgment and order or in the prior proceedings, and agreed that no appeal should be prosecuted from said judgment, that no writ of error should be sued out thereon, and that no steps of any kind should ever be taken, by a bill in chancery or otherwise, to prevent or interfere with the collection thereafter of the said special assessment, by the sale of the property assessed or otherwise. This judgment was thereafter attacked in the county court of Cook county by two separate proceedings, one by appellant Edward T. Noonan, who on September 22, 1915, filed what he designated a motion under section 89 of the Practice act to correct certain errors of fact by striking out of the judgment order those portions which stated that he was present in person and by attorney and consented to the entry of the order and waived and released all errors, etc. The other proceeding was a motion by appellants George

I. Hicks, trustee, Joseph Hedrick, trustee, and John A. Mc-Cormick, to quash the process and notice of sale under said judgment upon two grounds: (1) That the judgment of December 5, 1914, was not a valid judgment; and (2) that said judgment was invalid because of the prior order and judgment of October 20, 1914, wherein, it was alleged, the same matters were adjudicated and settled adversely to appellees. Both motions were decided against appellants and judgments were entered accordingly. Separate appeals followed, which have been consolidated in this court.

In support of the motion of appellant Noonan to correct certain errors of fact under section 89 of the Practice act by striking out portions of the judgment order of December 5, 1914, he offered the affidavits of John E. Owens, who was the judge of the county court at the time the judgment of December 5, 1914, was rendered, and of William J. Donlin, Noonan's attorney, and also his own affidavit, which in substance set forth that said judgment of December 5, 1914, was rendered upon the last day of the term of office of said Owens; that the order was handed to said Owens by counsel for the city of Chicago, who stated to him that the matter was pending under advisement and requested him to sign the same; that neither said Noonan nor said Donlin, his attorney, was present in court when the judgment order was signed, and that said order is incorrect in its recitals to the effect that Noonan was present in person and by attorney, that he consented to the order and that he released all errors, etc. The judgment order of October 20, 1914, was also offered in connection with the affidavits. The collector appeared and filed objections to the form and sufficiency of the motion. As a motion of this kind is in the nature of a new suit, (*Domitski* v. *American Linseed Co.* 221 Ill. 161,) the motion took the place of a declaration and the objections made amounted to a demurrer.

276 — 28

Section 89 of the Practice act abolishes the writ of error *coram nobis,* and provides that all errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by that writ, may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. It will thus be seen that while the writ of error *coram nobis* has been abolished, the same errors which at the common law could have been corrected by that writ may now be corrected, under section 89 of the Practice act, upon motion in writing, by the court in which the error was committed.

"The office of the writ of *coram nobis* is to bring the attention of the court to and obtain relief from errors of fact, such as the death of either party pending the suit and before judgment therein; or infancy, where the party was not properly represented by guardian; or coverture, where the common law disability still exists; or insanity, it seems, at the time of the trial; or a valid defense existing in the facts of the case, but which, without negligence on the part of the defendant, was not made, either through duress or fraud or excusable mistake, these facts not appearing on the face of the record, and being such as, if known in season, would have prevented the rendition and entry of the judgment questioned." (5 Ency. of Pl. & Pr. 27.) This text is amply supported by authority. It will thus be seen that it is only such errors of fact as do not appear upon the face of the record which could be cured by the writ of error *coram nobis* or may now be corrected under section 89 of our Practice act. The alleged errors here sought to be corrected are findings of fact contained in the judgment order itself. It is only concerning matters of which the judgment itself is silent that the court may entertain a motion, under section 89 of the Practice act, to correct errors

.in fact, and affidavits in support of such motion cannot be heard to contradict the record.

It is elementary that the judgment of a court imports absolute verity. In *Mains* v. *Cosner,* 67 Ill. 536, a motion was made under this provision of the Practice act to correct .an error in fact and to set aside the judgment for the reason that at the time of the issuing and service of the summons and pleading and entry of judgment the defendant was a minor under the age of twenty-one years and appeared by attorney instead of by guardian. It was there held that nothing can be assigned for error which contradicts the record, and whether a minor appeared by attorney can be determined only by an inspection of the record itself. In passing upon this question we said: "The question whether or not plaintiff in error appeared only by an attorney is one which underlies the entire merits of the application and can be determined by us only by inspection of the record itself. That record was before the court below, forming an essential and indispensable part of the grounds of decision. If indispensable there it must be here in determining the correctness of that decision. It is no answer to say that plaintiff in error swore that he appeared only by attorney and no affidavit was filed contradicting that statement, because if a score of witnesses had sworn to the same statement and the record showed to the contrary the latter would prevail. The burden was upon plaintiff in error to affirmatively show error in fact in the court below, and here to show error in law in the decision which the lower court made. Inasmuch as the fact as to how he appeared in the cause, whether by attorney or guardian, could be properly ascertained only by the record in that cause, and as he has seen fit not to have it brought up, he must fail in his assignment of error." In that case the record was not before the court. Here we have the record before us, and it appears affirmatively that Noonan seeks to contradict the record itself. This he cannot do. Under said

section 89 a motion to set aside a judgment for errors of fact must set up and rely on such fact or facts as are unknown to the court and do not appear upon the face of the record, and which, if known, would have precluded the rendition of the judgment. If the facts alleged in the affidavits filed by Noonan in support of his motion are true, then it is apparent that fraud was practiced upon the court in procuring the judgment of December 5, 1914. Under such a state of facts Noonan can secure no relief under the provisions of section 89 of the Practice act.

In the appeal of Hicks *et al.* it is contended that after the rendition of the judgment of July 31, 1913, against the other property mentioned in the collector's application, the court lost jurisdiction of the subject matter; that no further judgment could be rendered without the filing of a new application, and that therefore the judgment of December 5, 1914, is void. The contention of these appellants, as we understand it, is, that when the case was taken under advisement judgment should have been rendered against all of the property at the same time and that different judgments at different times cannot be rendered. The county court has jurisdiction to render judgment for delinquent assessments at any term subsequent to the term at which application is made. Section 185 of the Revenue act provides: "All applications for judgment and order of sale for taxes and special assessments on delinquent lands and lots shall be made at the June term of the county court. If from any cause the court shall not be holden at the term at which judgment is prayed, the cause shall stand continued, and it shall not be necessary to re-advertise the list or notice required by law to be advertised before judgment and sale, but at the next regular term thereafter the court shall hear and determine the matter; and if judgment is rendered the sale shall be made on the Monday specified in the notice as provided in section 182, such Monday to be fixed by the county collector in the notice. If for any cause the collector

is prevented from advertising and obtaining judgment at
said term it shall be held to be legal to obtain judgment at
any subsequent term of said court." (Hurd's Stat. 1916,
p. 2193.) There is nothing in the statute which prevents
separate judgments from being rendered at different times
or which forbids the continuance of the cause from term to
term, as to any or all of the properties involved, until such
day as the court is able to pass upon all the matters taken
under advisement. This statute does not fix any particular
term of the county court for the final disposition of causes
arising under it. When a case on the docket of the court
is undisposed of at the end of a term, it stands continued
to the next term by operation of law, in the absence of a
statute to the contrary. (*Matson* v. *Swanson,* 131 Ill. 255.)
When a cause is taken under advisement it goes over until
a subsequent term by operation of law, and the court at a
subsequent term may render judgment without additional
service on the party. (*Updike* v. *Armstrong,* 3 Scam. 564.)
In *Illinois Central Railroad Co.* v. *People,* 189 Ill. 119, an
application for judgment and order of sale for a special as-
sessment was made at the June term, 1899, of the county
court, and the owner's name was incorrectly given. The
owner did not appear. Leave was granted by the court to
substitute the correct name. No further proceedings were
had until the October term, 1899, to which term proper
notice was given and application for judgment was made.
The cause was continued from time to time until the April
term, 1900, when judgment for sale was rendered. It was
objected that the court had no jurisdiction to render judg-
ment at that term, but we held that the judgment was
valid. After a cause has been heard, argued and taken un-
der advisement, no further application for judgment or no-
tice to the parties is necessary before the court renders its
judgment.

It is further urged that the judgment order of October
20, 1914, is *res judicata* and therefore a bar to the judg-

ment of December 5, 1914. The judgment of October 20 merely finds and recites that on July 31, 1913, the objections of appellants were pending under advisement for briefs of counsel to be submitted therein, and that no judgment was rendered or order of sale entered as to these lots. It was then ordered that the process and notice of sale be quashed. The simple finding by the court that no judgment had been rendered as to these lots on July 31, 1913, but that the cause was then pending under advisement, certainly constitutes no bar to rendering judgment thereafter.

The county court properly denied each of the motions, and the judgment in each case is affirmed.

*Judgments affirmed.*