## Bridget Tarpey Waldron, Appellant, v. Margaret Tarpey et al., Appellees.

### Gen. No. 7,371.

1. Probate courts—*conclusiveness of finding by circuit court on appeal in probate matter from county court.* On appeal to the circuit court from an order denying a petition to vacate an order admitting a will to probate when no one appeared for appellant and the court, after hearing testimony of the clerk that a notice of the hearing had been mailed to appellant's attorney, made a finding that notice was given to appellant, it constituted a finding of fact which could not be contradicted by affidavit and the court properly refused to set aside its order dismissing the appeal upon the affidavit of appellant's attorney that the notice was not received by him.

2. Judgments—*when error of fact within Practice Act, sec. 89, not shown by affidavit to set aside order dismissing appeal for nonappearance.* Affidavits that counsel for an appellant before the circuit court did not receive the notice of hearing which the clerk had promised to send to him and which the clerk testified had been sent, in the proceeding before the appeal was dismissed, did not present such an error of fact as entitles appellant to relief under section 89 of the Practice Act, Cahill's Ill. St. ch 110, ¶ 89.

Appeal by plaintiff from the Circuit Court of Woodford county; the Hon. Stevens R. Baker, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed July 24, 1924.

Bulkley, More & Tallmadge, for appellant.

Kennedy & Kennedy, Horace H. Baker, Hall, Martin, Hoose & De Pew and Isaac B. Hammers, for appellees; Thomas Kennedy, of counsel.

Mr. Justice Partlow delivered the opinion of the court.

Appellant, Bridget Tarpey Waldron, filed her petition in the county court of Woodford county, to set aside and vacate an order of the county court admitting to probate the last will and testament of Nora

Tarpey Cribben, deceased.  The prayer of the petition was denied and appellant appealed to the circuit court where the appeal was dismissed.  Appellant filed her petition in the circuit court under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89], praying that the order dismissing the appeal be vacated.  Appellees demurred to the petition.  The demurrer was sustained, the petition was dismissed, and an appeal has been prosecuted to this court.

The record shows that the last will and testament of Nora Tarpey Cribben was admitted to probate in the county court of Woodford county on May 17, 1917.  The court found that the deceased left surviving her as her only heirs at law her sister, Margaret Tarpey, of El Paso, Illinois; her sister, Bridget Tarpey, and her brother, William Tarpey, of Ballyhaunis, County Mayo, Ireland; her brother, Patrick Tarpey, of Kansas City, Missouri; and her nephews, Hubert Merrick and John C. Merrick, who were children of a deceased sister.  John J. Berry was appointed executor, and proceeded to administer the estate.

In 1913, six years after the will was probated, appellant, Bridget Tarpey Waldron, by her attorneys, filed her petition in the county court, praying that the order admitting the will to probate be vacated and set aside.  She has not appeared in person in any of these proceedings, and all petitions and affidavits which have been filed have been signed and sworn to by her attorneys.  There was a hearing on the petition.  The county court dismissed it and an appeal was prosecuted to the September term, 1923, of the circuit court, which convened on September 4, 1923.  On September 28, 1923, the case was set for trial for October 8, 1923.  On the date set for the hearing no one appeared for the appellant and appellees moved that the petition be dismissed.  The clerk of the circuit court was sworn as a witness and testified that on September 28, 1923, he mailed a notice to counsel for

appellant, addressed to their office in Chicago, informing them that the petition was set for hearing for October 8, 1923. The court then dismissed the appeal for want of prosecution, finding in the order of dismissal that the appellant had been duly notified of the time of trial. On October 22, 1923, the September term of the circuit court adjourned. On November 1, 1923, counsel for appellant wrote to the clerk asking when the case would be heard and was informed that the appeal had been dismissed. On November 13, 1923, appellant filed her petition under section 89 of the Practice Act, praying that the order dismissing the appeal be set aside and the cause reinstated, which petition was supported by affidavit. The appellees demurred to the petition. The demurrer was sustained. The motion to vacate the order of dismissal was denied. A motion in arrest of judgment was denied and the appeal in this case was prosecuted.

The affidavit filed in support of the petition was made by Clair E. More, and alleged that he had been a practicing lawyer in Chicago for upward of thirty-eight years, and for the last eleven years had been a member of the firm of Bulkley, More & Tallmadge, with offices at 137 South La Salle Street; that his firm represented the appellant, and the appeal was taken in good faith; that on September 6, 1923, he wrote to the clerk of the circuit court asking the date on which the appeal had been set, and received a reply stating that the case had not been set, that it would be set later in September, and that affiant would have an opportunity to protect his interests, and would be notified in ample time; that on September 19, he again wrote the clerk stating that he had not received a reply to his letter of September 6, and asking for a reply, and on September 20 received a reply from the clerk which stated that the matter would not be heard during September nor into the fore part of October, however, it would be set at a time convenient for all, and that affiant would be notified in ample time. Between

September 20 and October 9, he was in his office every day, but at no time did he receive any communication from the clerk after September 20; that he was prepared at all times on reasonable notice to try the case; that he made a thorough search of his office to see if any later communications had been received, and was unable to find any, that on October 3, his partner, Mr. Bulkley, died, and from that on additional work had to be taken care of by affiant; that relying on the letters received from the clerk, he did not inquire relative to the case until November 1, when he wrote to the clerk and on November 7, received a reply advising him that the appeal had been dismissed. He immediately called the clerk by long distance telephone, and was informed that the term of court had adjourned, and that the clerk claimed he had mailed a notice to affiant advising him that the case was set for trial on October 8; that on November 8 he received a copy of a post card which the clerk claimed was mailed to the affiant on September 28, together with what purported to be a copy of the evidence taken in open court on October 8, showing that he mailed said notice; that he never received said post card or any notice of said hearing. Affiant further alleged that the appellant, as affiant was informed, was a sister of Nora Tarpey Cribben, and was one of the legal heirs and next of kin; that her name was omitted from the petition for probate; that the findings of the county court, as to heirship, does not correspond with the proof taken in open court; that the evidence of Patrick Tarpey shows that the name of the sister residing in Ireland, and who is the petitioner in the case, was Bridget Tarpey Waldron; that he is informed and believes that J. F. Sturgeon, who is purported to have drawn the will, and John J. Berry, the executor, knew that the appellant was one of the heirs, and was entitled to notice; that he is informed that there are reasonable grounds to set aside the will for

the reason that it is not the will of the testatrix because she was not competent at the time to make the will, and did not know or understand the objects of her bounty; that the will was prepared by Sturgeon, and that he and Berry, both of whom are beneficiaries, were present at the time it was executed, and they dictated to the testatrix the names of her beneficiaries; that the estate is worth $200,000; that the appellant is an old lady, uneducated, without means, and is subject to the bounty of the testatrix; that the executor, notwithstanding he knew that affiant's firm were attorneys for the appellant, has been in communication with her endeavoring to persuade her to withdraw and waive her right of action, and that she had declined so to do.

It is the contention of appellant that notwithstanding the recital of the record as to notice having been given, that on account of the promises of the clerk to notify appellant of the date of the hearing as set up in the affidavit, the court in dismissing the appeal committed an error of fact which entitled appellant to have the order of dismissal set aside after the adjournment of the term, and that under section 89 of the Practice Act this jurisdiction was vested in the court at all times within a period of five years after the order was entered.

Section 89 of the Practice Act provides that the writ of error *coram nobis* is abolished, and all errors of fact committed in any proceeding of any court of record, and which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing at any time within five years after the rendition of final judgment in the case, upon reasonable notice.

This section of the statute has been construed on several occasions, one of the latest cases being *Marabia v. Mary Thompson Hospital*, 309 Ill. 147. It has

uniformly been held that the provisions of this section
are governed by the same rules of practice as prevailed
at common law under the writ of error *coram nobis,*
and errors which may be corrected by the court upon
such motion are limited to such errors as could have
been corrected by the writ of error *coram nobis.* They
must be errors of fact and not errors of law. A peti-
tion in writing must be filed. The hearing may be
upon affidavits. The errors of fact which may be cor-
rected must be such as do not appear on the face of
the record and are unknown to the court, and which,
if known would have precluded the rendition of the
judgment. The writ relates only to matters on which
the judgment is silent. Affidavits in support of said
motion cannot be heard to contradict the record, even
though the facts stated, if true, tend to show fraud.
*People v. Noonan,* 276 Ill. 430; *Cramer v. Illinois Com-
mercial Men's Ass'n,* 260 Ill. 516. All errors appear-
ing on the face of the record, either of law or fact, are
treated as errors of the court, and the court cannot
set aside a judgment entered by it for errors com-
mitted by the court after the term has adjourned, but
such errors must be reached by writ of error. *Chap-
man v. North American Life Ins. Co.,* 292 Ill. 179. A
writ of error *coram nobis* does not lie to contradict or
put in issue any fact that has been adjudicated by the
court in the action, or submitted to a jury, or found
by a referee, or by the court sitting to try the issues,
or to correct an error of judgment of the court. *Chap-
man v. North American Life Ins. Co., supra; People
v. Noonan, supra;* Black on Judgments, sec. 300. An
alleged error in the construction or application of the
rules adopted by the court to regulate the practice in
the court is not reviewable at a subsequent term under
a writ of error *coram nobis. Pisa v. Rezek,* 206 Ill.
344. The fact that an attorney fails because of stress
of business to carefully examine the declaration, and
as a result thereof did not discover that there was an

affidavit of merits attached to the declaration, and for that reason failed to file an affidavit of defense with his pleas, and as a result thereof was defaulted and judgment entered against him, these facts do not constitute an error of fact which would have precluded the court from entering default and judgment had the matter been known to the court. The fact that the court may have entered default and judgment without observing the rules of the court which were of record does not constitute an error of fact, for the reason that courts take judicial notice of their records, and the records are always constructively before the court. *Cramer v. Illinois Commercial Men's Ass'n, supra.* Where there is an error in the process, or through the default of the clerk, of a sufficient character, if known to the court at the time the judgment was rendered, so as to preclude judgment, such error of fact is sufficient to reverse or recall the judgment. 2 Tidd's Practice 1137; *Chapman v. North American Life Ins. Co., supra.* In *People v. Noonan, supra,* on the last day of a term of court, a judgment was entered against Noonan, which recited that Noonan was present in person and by attorney at the time the judgment was entered, and that the judgment was entered with the consent of Noonan who waived all errors and agreed that no appeal or writ of error should be prosecuted. At a subsequent term Noonan, under section 89 of the Practice Act, attacked the judgment and sought to have stricken from the record the recitals that he was present in person and by attorney and consented to the entry of the order, and waived errors. In support of his motion he filed affidavits, showing that he was not present either in person or by attorney, and did not consent to the order, and did not waive error. It was held that these were not such errors of fact as could be reviewed under section 89 of the Practice Act. In *Chapman v. North American Life Ins. Co., supra,* there was a judgment by default on next to

the last day of the term. At a subsequent term, a motion was made under section 89 to vacate the judgment on the ground that there was no service, the service being on the vice president of the corporation instead of on the president. The return of the sheriff showed that the president was not found in the county. Affidavits were filed to show that the president, on the day the service was had, was in his office and could have been served, and that the officer of the corporation having the matter in charge did not know of the case until after the term had adjourned. It was held that the sheriff's return could not be contradicted; that it made no difference that there was a complete defense to the action, or that fraud was practiced on the court, or that the declaration failed to state a cause of action, or that the judgment was excessive. It was held that none of these were errors of fact reviewable under section 89 but they must be reached by writ of error.

The error of fact upon which it is sought to vacate and set aside the order dismissing the appeal in this case for want of prosecution, as it appears from the affidavit filed in support of the motion, is based upon the letters written to counsel for appellant by the clerk of the circuit court, in which the clerk agreed to notify counsel when the appeal would be heard. These affidavits show that the cause was set for trial on September 28, 1923, and the hearing was to be ten days later, on October 8, 1923. There was no rule of court requiring the clerk to give notice to counsel for appellant as to the date the cause was set for trial. When the case was called for trial on October 8, appellant did not appear, no one appeared for her, and appellee moved that the appeal be dismissed. Before the motion to dismiss was acted upon the clerk was sworn and testified that on September 28, 1923, he mailed a notice to counsel for appellant informing him that the hearing would be on October 8. As part of the order

dismissing the appeal was the following finding of the court:

"Now this cause coming on for hearing by the court, now come the appellees herein, by their respective attorneys, and neither the appellant appearing, nor any one for her, now the court directs that the clerk of said circuit court be sworn, and the clerk being duly sworn testifies that proper notice was mailed to the attorneys of the appellant, and it appearing to the court that proper service of the notice of the setting of this cause for hearing was given to the parties ten days before the day of the hearing in open court," etc., and the appeal was dismissed.

Under the authorities cited the finding and determination of the court that notice was given is not subject to contradiction by affidavit filed on behalf of the appellant. Even if the clerk did promise counsel for appellant to notify him of the date of the hearing, this fact would not justify the court in setting aside the order of dismissal provided the clerk did in fact send the notice to appellant of the date of the hearing. If notice was mailed by the clerk, even though it was not received by counsel for appellant, the mailing of the notice would be a full compliance with the agreement of the clerk as contained in his letters to appellant. Appellant claims he did not receive the notice, but this would not justify the court in setting aside the order of dismissal in the face of the finding by the court after evidence had been heard that due notice was given. It was the duty of the appellant to prosecute the appeal with effect. *Lawler v. Gordon*, 91 Ill. 602. As was held in *Pisa v. Rezek, supra,* if appellant was guilty of any neglect or lack of diligence she is not entitled to relief. We hold that there was a judicial finding appearing upon the face of the record after evidence had been heard that notice was given to the appellant; that this finding cannot be contradicted by appellant by affidavit; that the court properly refused to set aside the order of dismissal; that

the affidavits presented in support of the motion to vacate do not present such an error of fact as entitles appellant to relief under section 89 of the Practice Act.

In support of the contention that the court improperly refused to set aside the order of dismissal, appellant cited *Domitski v. American Linseed Co.*, 221 Ill. 161; *Madden v. City of Chicago*, 283 Ill. 166; *Smyth v. Fargo*, 307 Ill. 300. Upon examination it will be found that in neither of these cases was there incorporated in the judgment sought to be set aside a judicial finding by the court based upon evidence similar to the one now before us. For this reason these cases are not in point.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*