**Butterick Publishing Company, Defendant in Error, v. S. Goldfarb, trading as Maywood Dry Goods Store, Plaintiff in Error.**

### Gen. No. 30,882.

1. CALENDAR—*duty of clerk on transferring cause to succeeding calendar.* Where the clerk included in the May calendar a cause on the November calendar preceding which had been marked for

trial but which had not then appeared on any trial call, it was his duty to strike the cause from the November calendar.

2. JUDGMENTS—*relief from default due to omission of clerk of court in making up calendar*. Where judgment by default was taken in defendant's absence, and his failure to appear was due to the failure of the clerk to strike the cause from the November calendar, on no trial call of which the cause had appeared up to the time it appeared on the first call of the May calendar, it was error, in view of Cahill's St. ch. 110, ¶ 19, and Rule 18 of the county court, to deny defendant's motion in the nature of a writ of error *coram nobis* under Cahill's St. ch. 110, ¶ 89, to vacate the judgment, appropriate supporting affidavits having been filed.

Error by defendant to the County Court of Cook county; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed. Opinion filed October 13, 1926.

ROYAL J. SCHMIDT and WILLIAM N. BRADY, for plaintiff in error.

JESSE WILCOX, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this writ of error, the defendant Goldfarb seeks to reverse an order denying a motion to vacate a judgment for $381.78, recovered against him in the county court of Cook county by the plaintiff company. The plaintiff's action was an action in assumpsit. Summons was duly served to the November, 1921, term and the defendant filed his appearance and plea to the merits.

A calendar of cases pending in the county court was made up in November and this case appeared on that calendar as case No. 761. The next calendar of cases pending in the county court was made up in May and upon it appeared all the cases pending in the court at the beginning of the May term, which was May 6. At the time the May calendar was made up the case at bar had been reached on first call on the November

calendar and had been marked for trial but it had not appeared on any trial call. When the May calendar came out this case appeared on that calendar as case No. 452a. The court announced a first call from the May calendar on May 29, but it is not clear just when that first call actually took place. This case was included on the trial call in the county court on May 31, and not being reached was carried over, from day to day, until it was reached on June 2, 1922, when a jury was impaneled and, no one appearing for the defendant, the plaintiff's evidence was presented and a verdict returned for the plaintiff, on which judgment was entered.

After the expiration of the judgment term, counsel for the defendant learned that the case had been presented to a jury and a verdict returned and judgment entered. Apparently some negotiations took place, which came to naught, and in November, 1922, the defendant made a motion to vacate the judgment under section 89 of the Practice Act [Cahill's St. ch. 110, ¶ 89]. Counsel for the defendant submitted his affidavit in support of the motion, to which counsel for the plaintiff submitted a counter-affidavit. In reply to the latter, counsel for the defendant submitted another affidavit.

In his original affidavit counsel for the plaintiff, in addition to certain facts which we have recited above, alleged that the defendant had a good and meritorious defense upon the merits, which defense was set out in the affidavit; that he had diligently watched the calendars of cases pending in the county court so as to be advised of the appearance of the cause on the trial call and be ready for trial when the case was reached; that when the May calendar was issued by the clerk of the county court, he relied upon that calendar and the rules of the court, providing for the first call of cases, in groups of not to exceed 100, for the purpose of ascertaining which of them were ready for trial, and

the further provision of Rule 18, to the effect that "Causes are called for trial in their order upon the calendar." It was further set forth in this affidavit submitted in behalf of the plaintiff that a first call of 100 cases from the May calendar was announced on May 29; and that up to the time of the filing of the affidavit, no case beyond calender No. 300 had been reached on first call from the May calendar and no case beyond calendar No. 150, had been placed on the trial call from said calendar; and that the failure of the defendant to appear in court ready for trial at the time the case was heard and judgment entered on June 2, was due to counsel's reliance upon the May calendar.

The affidavit submitted in reply by counsel for the defendant set up matters to which we have already referred, and in addition, certain things which took place following the entering of the judgment on June 2.

In our opinion the trial court erred in denying the motion of the defendant to vacate the judgment. When the calendar of cases pending in the county court on the first day of the May term appeared during that month and the case at bar appeared on that calendar as No. 452a, said case never having been reached for trial on the previous calendar, although it had been reached on first call and marked for trial, we are of the opinion that it was thereafter not proper to call the case for trial except in its order as it appeared on the May calendar. Under Rule 18 of the county court cases are to be called for trial in their order on the calendar. Certainly, when the county court announced a first call of 100 cases from the May calendar on May 29, all parties having cases on that calendar would be justified in believing that the court from that date on would call the cases pending in the court for trial from that calendar. No one should be burdened with watching the same case on two calendars. After the first call of 100 cases from the May calendar was announced, counsel were justified in disregarding any

calls that had been made on the November calendar previous to that time, unless a case had been called on the November calendar and had been reached for trial.

In passing upon the provisions of section 14 of the then Practice Act, which were similar to the provisions of section 19 of the present Practice Act [Cahill's St. ch. 110, ¶ 19], this court said in *Brady v. Washington Ins. Co.*, 82 Ill. App. 382, that litigants and their attorneys have a right to rely upon the printed calendars issued by the courts, containing lists of the cases pending in such courts. On the authority of that case as well as *Silverman v. Childs*, 107 Ill. App. 522; *Beveridge v. Hewitt*, 8 Ill. App. 467 (which we consider in point although it involves a somewhat similar situation arising in a chancery case), and *Holbrook v. Lawton*, 207 Ill. App. 497, we are of the opinion that when the first call of 100 cases was announced, from the May calendar, the case at bar never having appeared on a trial call from a previous calendar should have been stricken from such previous calendar by the clerk, and that his failure to so strike the cause from the November calendar was such a default as furnishes one of the recognized grounds for relief by a motion in the nature of a writ of error *coram nobis*, where the default leads "to such action as the court would not have taken had the default not occurred." As pointed out in the last case cited, the tendency of our law is to allow a motion under section 89 [Cahill's St. ch. 110, ¶ 89], whenever it is obvious that the action of the court was based upon the fault, either of omission or commission, of the clerk of the court.

For the reasons we have stated, the order of the county court appealed from is reversed.

*Order reversed.*

TAYLOR, P. J., and O'CONNOR, J., concur.