James R. McCord, Appellant, v. Briggs & Turivas, Appellee.

.Gen. No. 32,492.

Opinion filed June 25, 1928.

WINSTON, STRAWN & SHAW, for appellant; JOHN C. SLADE, of counsel.

FRANCIS X. BUSCH and HOPKINS, STARR & HOPKINS, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

At the June term, on the 28th day of the month, there was pending in the circuit court of Cook county an appeal of the defendant, Briggs & Turivas, a corporation, from a judgment entered by a police magistrate in an action in forcible entry and detainer. James R. McCord, appellant here, was the plaintiff in that action. The record shows that on that day the following order was entered by Judge Caverly:

"This cause being called for trial and the defendant failing to prosecute the appeal herein, on motion of

plaintiff's attorney it is ordered that the appeal be and the same is hereby dismissed at defendant's costs for want of prosecution.

"Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant his costs and charges in this behalf expended and have execution therefor."

On August 2, 1927, the record shows a motion by plaintiff for the issuance of *procedendo* to the court below and the following order entered by Judge Rush:

"It appearing that the appeal of the above named defendant was heretofore, on June 28, 1927, dismissed for want of prosecution, now, therefore, on motion of plaintiff's attorney it is

"Ordered that a *procedendo* do issue herein to the court below."

On September 10, 1927, the defendant Briggs & Turivas filed a motion to vacate these orders and reinstate the appeal. Leave was given to file the motion, and on that day defendant filed its petition in writing, together with certain affidavits, in support thereof. To these the plaintiff McCord demurred. The court overruled the demurrer and entered an order as prayed on October 22, 1927, being one of the regular days of the October term of the court. The order recites the prior proceedings, finds that the merits are with the defendant Briggs & Turivas, overrules the demurrer and allows the motion according to the prayer of the petition. The order states:

"And the court here now further finds, orders and adjudges said orders entered respectively on June 28, A. D. 1927, and August, A. D. 1927, in said Petition mentioned, were entered by error of fact and misprision of the Clerk, and that said order for *procedendo* was improvidently entered and said writ of restitution was improvidently issued and the orders and proceedings therefor were based upon errors of fact and misprision of the clerk of this court."

From this order the plaintiff has perfected this appeal.

The defendant has filed in this court its motion to dismiss the appeal on the ground that the order entered by the court was not final. The motion was denied but is again urged. We adhere to our former decision on the authority of *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516. On the same authority we must hold that as the term at which the judgment was set aside had ended, we must assume that the proceedings in the trial court were under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89.

The plaintiff urges that section 89 is applicable only to proceedings which are according to the course of the common law and argues that a proceeding by way of appeal from a judgment before a justice of the peace in an action in forcible entry and detainer is a special statutory proceeding. He cites *Schooner Constitution v. Woodworth*, 1 Scam. (2 Ill.) 511, as to appeals, and *City of Chicago v. Chicago Steamship Lines, Inc.*, 328 Ill. 309, as to actions in forcible entry and detainer. He then argues, citing *Bishop v. Illinois Western Elec. Co.*, 221 Ill. App. 141, that under section 89 the motion is not applicable to the proceedings and that the court is without jurisdiction to grant it.

*Bishop v. Illinois Western Elec. Co., supra,* is a case where the provisions of section 89 were held inapplicable to a proceeding under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.* In so far as the mode of proceeding is concerned, it would not be difficult to distinguish a proceeding of that kind from appeals from justices of the peace in actions of forcible entry and detainer. However, we do not find it necessary to decide that question, but prefer to place our decision in this case on other and, as we think, firmer grounds.

Assuming that the motion under section 89 is applicable, the controlling question in the case is whether

the petition of defendant and affidavit supporting the same state facts which would justify the order setting aside the judgment.

The petition avers the parties, the nature of the action, the judgment before the magistrate, and the appeal perfected to the circuit court. It avers that the cause was placed on a preliminary calendar which was called by Judge Caverly in June, 1927; that it was called June 14 and set over until June 28; that in conducting the preliminary call, the usual order was the dismissal of the cause at plaintiff's costs for want of prosecution; that on June 28 at a preliminary call of the cases upon the daily trial call, without this cause being reached for trial, an order was pronounced and made by Judge Caverly dismissing the said cause on motion of defendant at plaintiff's costs for want of prosecution and directing that the defendant recover from the plaintiff its costs and charges; that by the original entry of the clerk's minute of said order made immediately at the time said order was pronounced by the deputy clerk performing the duty of trial clerk in Judge Caverly's court, and by the report of the petitioner's counsel, who attended upon the same, petitioner was informed and believed that the cause had been dismissed on motion of defendant and was disposed of; that, relying thereon, it paid no further attention to the cause, but that at some time after the making of the original entry of the clerk's minute of said order, the said minute by error of fact and misprision of the clerk was altered without knowledge of or notice to the petitioner or any of its counsel, so that it was made to recite that on motion of plaintiff (instead of defendant, as theretofore had been recited therein) said appeal was dismissed at the costs of defendant (instead of at the costs of plaintiff, as had been originally entered), so that plaintiff recovered from the defendant his costs and charges in that behalf for want of prosecution.

The petition also avers that on August 2, 1927, without notice to petitioner or its attorneys and without their knowledge, counsel for plaintiff appeared before Judge Rush and procured the entry of an order by error of fact (as the order and judgment theretofore made by the court and the entry of which had been thereafter altered, as before alleged) directing that a *procedendo* issue to the police magistrate; that said writ issued and was filed with the police magistrate, who issued a writ of restitution which was placed in the hands of a constable for execution.

The petition further set up facts tending to show that defendant had a meritorious defense to the action of forcible entry and detainer, and that upon a trial on the merits plaintiff could not have prevailed.

In support of this petition an affidavit of DeWolfe, an attorney at law, was submitted averring that he examined the files and records in the case and the facts in connection therewith, and that in his opinion, based on the authority of *Fitzgerald v. Quinn*, 165 Ill. 354, plaintiff could not have established the right to possession. The affidavit of Smith, an attorney at law, stated that while the appeal was pending in the circuit court he had a conversation with plaintiff's attorney, who told him he was satisfied that the action of forcible detainer would not lie and that he did not expect to try the case; that it was thereupon agreed that the same should be placed on a passed case calendar, which was shortly thereafter done. The affidavit also states that Smith was informed by an associate, Wentz, on June 28, 1927, that the suit had been dismissed on motion of the defendant and that affiant had no knowledge that the suit was not in fact dismissed as reported by Wentz until August 31, 1927, when some one brought a copy of the writ of restitution to the office.

An affidavit of Wentz, an attorney at law employed in the office of defendant's attorneys, was also sub-

mitted. He states that he had from day to day after June 1, 1927, watched the call of Judge Caverly for the appearance of the case thereon; that the case was set over and continued until June 27 and then until June 28. He says that the list of cases on the trial call of Judge Caverly included cases of original jurisdiction and also appeals from police magistrates, including the one here in question. He says that Judge Caverly did not try any case on that day, and on information and belief states the fact to be that Judge Caverly heard only a few motions of course and conducted only a preliminary call of the few cases appearing on his trial call for that day; that affiant attended the court in answer to the announcement of said call, "and there observed that said case was dismissed on motion of defendant; that he thereupon reported to Earl J. Smith, his associate, and others in the office of his said firm, that said case had been dismissed on motion of defendant at the plaintiff's costs; that he, in good faith, so believed."

The affidavit further states that he was informed on September 1 that an order had been entered dismissing the appeal; that he thereupon investigated the files and records and learned the facts which are stated in defendant's petition; that in investigating he examined the file wrapper and the minute clerk's blotter and observed therefrom that the notations of the minute clerk thereon with reference to the order of June 28, 1927, recited that on motion of defendant the appeal was dismissed at plaintiff's costs with judgment for want of prosecution; that the notation so written had been written over so as to recite that on motion of plaintiff the appeal was dismissed at defendant's costs with judgment for want of prosecution; that the judgment order of June 28 did not provide that a *procedendo* issue in the cause; that the files contained a motion presented to Judge Rush on August 2, 1927, in said cause wherein plaintiff moved the court,

without notice to defendant, to enter an order directing that a *procedendo* issue, which was granted. He also corroborates statements in the affidavit of Smith as to knowledge and belief on the part of the attorney for plaintiff that he could not maintain an action and did not intend to try to do so.

A further affidavit of Wentz is to the effect that the preliminary call of cases on June 28 was conducted by the deputy clerk, who called out the cases, received the requests and motions on behalf of the parties and indicated the same to the judge, and that the orders of June 28 were made by the deputy clerk upon his indication of the same to Judge Caverly, in order that the same might be quickly accomplished; that the announcement for daily call was made by the clerk as the same appeared in the Chicago Law Bulletin; that the case here in question was number B108113, entitled *McCord v. Briggs & Turivas Co.*, and, while the preliminary call was being made, Judge Caverly announced that he did not wish to try a case that day and would only make the preliminary call and hear a few motions; that no case was tried by Judge Caverly on that day; that he adjourned court on the completion of the preliminary call; that the minute clerk in Judge Caverly's court made the original entry of the minute of June 28, 1927, upon what is customarily known as the "daily trial call sheet"; that the original entry made at the time read: "B 108113 McCord No. Deft. Appl. Dis. Briggs Turivas"; that the original entry had not been changed up to the time of making the affidavit; that on June 28 the minute clerk transcribed said original entry upon the page of his blotter or minute book and also upon the file wrapper of the files of the cause, and that the transcriptions were afterwards altered as before stated. Photostatic copies of this page of the minute book and of the file wrapper were attached to the affidavit as Exhibits "B" and "C."

Section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, in substance provides that the writ of error *coram nobis* is abolished and that all errors of fact committed in the proceedings of any court of record, which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed upon motion in writing made at any time within five years after the rendition of final judgment in the case upon reasonable notice. This section of the statute is by its terms limited to those cases which could have been corrected by a writ of error *coram nobis* according to the course of the common law. It has been construed in numerous cases. In *Mitchell v. King,* 187 Ill. 452, the court said:

"But while the statute abolished the writ it did not abolish the essentials of the proceeding, which, in nature, remains the same."

In *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, the court said:

"After the expiration of the term of court at which a judgment is entered the court has no authority to set aside the judgment for any alleged error of law, and can only amend it in matter of form after notice to the opposite party. *(Cook v. Wood,* 24 Ill. 295; *Cox v. Brackett,* 41 id. 222; *Barnes v. Henshaw,* 226 id. 605; *People v. Wilmot,* 254 id. 554.) The court, however, may correct errors of fact after the term by virtue of section 89 of the Practice act, which provides that errors in fact which by the common law could be corrected by the writ of error *coram nobis* may be corrected, upon motion, * * * and we will not presume that the court attempted to examine, revise or correct its action for an error of law at a subsequent term, in view of the long established rule that it would have no power to do so. *(Pisa v. Rezek,* 206 Ill. 344.)"

In the case last cited the court said:

"The motion substituted by the statute for the writ

of error *coram nobis* may be invoked to enable the court to correct an error of fact that came within the scope of the writ as it existed at the common law * * *. It is only the correction of matters of form, clerical errors or matters quite of course that may be had on mere motion, after the close of the term.''

In *Ernst Tosetti Brewing Co. v. Koehler*, 200 Ill. 369, the court said, in discussing the errors of fact correctible under this statute:

''Such errors of fact may involve questions of duress, fraud, or excusable mistake, without negligence on the part of the party against whom judgment is rendered; but, aside from cases within the purview of the statutory motion, a court cannot set aside, reverse, or change its judgment after the term at which it is rendered.''

In *Chapman v. North American Ins. Co.*, 292 Ill. 179, the Supreme Court held that a judgment entered in a case where the return of service by the sheriff was untrue could not be set aside in this proceeding, and said:

''Such error of fact which may be assigned under such writ, or by motion under section 89 of our Practice act, which is controlled by similar rules, must be some fact unknown to the court at the time judgment was rendered, as well as one which would have precluded the rendition of the judgment. * * * The error of fact alleged must not be one appearing on the face of the record or one contradicting the finding of the court.''

In *Marabia v. Mary Thompson Hospital of Chicago for Women and Children*, 309 Ill. 147, the court again held, following the *Chapman* case, that the sheriff's return of service might not be contradicted in a proceeding under this section. The court there said that the errors of fact which might be corrected in the same court ''referred to the disability of parties, the in-

capacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity." It was stated that these were the cases described in 2 Tidd's Practice, secs. 1136–1137, and the intimation is that the cases that may be corrected under this section are limited to the classes there enumerated. The court expressly said that the section does not apply to those cases involving only "lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it."

In *People ex rel. O'Connell v. Noonan,* 276 Ill. 430, it was said:

"It will thus be seen that while the writ of error *coram nobis* has been abolished, the same errors which at the common law could have been corrected by that writ may now be corrected, under section 89 of the Practice act, upon motion in writing, by the court in which the error was committed.

"* * * The alleged errors here sought to be corrected are findings of fact contained in the judgment order itself. It is only concerning matters of which the judgment itself is silent that the court may entertain a motion, under section 89 of the Practice act, to correct errors in fact, and affidavits in support of such motion cannot be heard to contradict the record.

"It is elementary that the judgment of a court imports absolute verity."

In *Domitski v. American Linseed Co.,* 117 Ill. App. 292, this court said that while there were cases seeming to hold that the remedy by writ of error *coram nobis* was limited to cases of persons under special disability, these cases were mere illustrations of the scope of the remedy afforded by the writ, and held that the misprision of the clerk of the court in failing to keep the declaration in the files and in failing to make an entry of the filing thereof on the register kept pur-

suant to rule of court was such an error as would warrant the vacation of a judgment after the term of entry and the order of the trial court setting aside a judgment entered through that error was set aside. The judgment of the Appellate Court was affirmed in *Domitski v. American Linseed Co.*, 221 Ill. 161.

In *Holbrook v. Lawton*, 207 Ill. App. 497, it appeared that through the failure of the clerk of the circuit court to obey a rule of court requiring him to place upon the wrapper of a case the name of the judge to whom the case was reassigned, a judgment by default was entered by a judge whose name was on the files and to whom it had been assigned at a prior time. A proceeding having been brought under section 89, the judgment was set aside on the authority of *Domitski v. American Linseed Co.*, 117 Ill. App. 292; *Brady v. Washington Ins. Co.*, 82 Ill. App. 380; Tidd's Practice, sec. 1137; *Silverman v. Childs*, 107 Ill. App. 522. The court quoted *Cramer v. Illinois Commercial Men's Ass'n, supra,* to the effect:

"If the clerk should fail to file a plea or answer, and by such failure a party should be prevented, without fault or negligence, from making a defense, the error might be corrected by the motion substituted for the writ."

The opinion also cited *Pickett's Heirs v. Legerwood,* 7 Pet. (U. S.) 144, 147, and quoting Archbold it further said: " 'Error in the process, or through default of the clerk' is a ground for error *coram nobis*."

In *Butterick Pub. Co. v. Goldfarb*, 242 Ill. App. 228, this court held that where a clerk of the county court had included in the May calendar a cause on the November calendar preceding which had been marked for trial, it was his duty to strike the cause from the November calendar, and judgment by default having been taken in defendant's absence by reason of the misprision of the clerk, the same was ordered cor-

rected by motion under section 89 and the judgment set aside.

In *McNulty v. White*, 248 Ill. App. 572, a judgment had been entered against defendant in the circuit court. Defendant had filed appearance in the cause by his attorneys but had failed to file pleadings within the time allowed therefor. At the next term the defendant presented a motion under section 89 and by leave filed his petition supported by an affidavit of one of his attorneys. The plaintiffs filed a general demurrer, and later two more affidavits were filed in support of the petition. The plaintiffs made a motion that the petition be stricken from the record, which was denied. The petition was allowed, the order of default vacated and the judgment set aside. The petition alleged that there had been a dismissal of other parties defendant without notice, and other paragraphs alleged that when damages were assessed neither defendant nor his attorneys were present and that the record falsely recited that the parties to the suit were present by their respective attorneys. Another paragraph alleged that when defendant's attorney who had charge of the pleadings was reminded that the time for filing a plea in the case was about to expire, he, through confusion or inadvertence, had failed to file it. In another paragraph the petition charged that the damages were assessed through failure to give notice to defendant of such assessment.

On the authority of *People ex rel. O'Connell v. Noonan, supra*, the second division of this court held that the petition might not aver that the record falsely recited that the parties were present by their respective attorneys; that it was only concerning matters of which the judgment itself was silent that the court could entertain a motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, and that affidavits in support of such a motion could not be heard to con-

tradict the record. As to the matter· of failure to file a plea through inadvertence, it was held that such failure must be deemed negligence or a mistake of fact by counsel, but not an error in fact which if known by the court would have prevented entering the judgment. As to the allegation that the defendant had a meritorious defense, it was said that lack of knowledge by the court of facts in the case which constituted the defense was not such an error of fact that could be corrected by such a motion, and as to the allegation of the failure to give notice, it was held that notice was not necessary. Accordingly, the order vacating the judgment and setting aside the default was reversed.

In *Bucker v. Central Business Men's Ass'n,* 248 Ill. App. 657, where the clerk of the court erroneously permitted a cause to remain on the calendar of Judge Scanlan, after an order had been entered assigning the same to the calendar of another judge and the trial judge calling cases from Judge Scanlan's calendar was not apprised of the fact and therefore dismissed the same in the absence of the plaintiff, for want of prosecution, it was held that the judgment would be set aside upon petition under section 89.

In *Loew v. Krauspe,* 320 Ill. 244, Loew sued Krauspe in the circuit court. The suit was placed on calendar No. 4, which was then Judge Scanlan's calendar. After defendant filed a plea and affidavit of merits of his defense the cause was placed on the short cause calendar. It was called as a short cause case, and no one appearing for defendant, a jury was impaneled, evidence heard and a verdict and judgment rendered for plaintiff for $4,000. After the expiration of the term the defendant filed a motion supported by affidavits under section 89 of the Practice Act to set aside the judgment on the ground that its entry resulted from an error of fact. Counter-affidavits were filed and the court allowed the motion to set aside the judgment.

Upon appeal to the Appellate Court, the judgment of the circuit court was reversed and the Supreme Court granted the petition of defendant for a writ of certiorari. The facts disclosed were that calendar No. 4 was the calendar of Judge Scanlan prior to his assignment to hear special chancery cases. Before the suit was commenced, under the authority of the rules of the circuit court of Cook county, the executive committee made an order assigning Judge Swanson to hear short causes after August 1, 1923. In December an order was made by the executive committee transferring common-law calendar No. 4 to Judge McGoorty, and it was repeated in this order that Judge Swanson was assigned to hear short causes. Notice of these transfers and assignments were ordered to be printed and distributed among the members of the bar generally, and the same were published in the Law Bulletin.

It was contended that there were three errors of fact: (1) The unauthorized act of the clerk in putting the case on the trial call for February 18 when it had been set for trial on the short cause calendar February 11. (2) The unauthorized act of the minute clerk in placing the case on Judge Swanson's trial call when it should have been on the trial call of Judge McGoorty. (3) That when the case was not called or tried February 11 it constituted a continuance, which resulted in taking it from the short cause calendar, and it could not be restored without filing a new affidavit and service of notice. Plaintiff's affidavit in opposition to the motion states (and it was not disputed) that defendant's attorneys were subscribers to the Law Bulletin; that the call of all cases to be heard by Judge Swanson was published in the Law Bulletin on February 16, the same as the call sheet made out by the clerk.

The court held that after the adjournment of a term of court at which a judgment was entered, it could not be set aside or overcome by affidavit; that the motion

in the nature of a writ of error *coram nobis* was not addressed to the equitable powers of the court nor intended to relieve the party from the consequences of his own negligence, and that in construing section 89 "it has always been held that errors of fact which could be made the basis of the motion are facts which, if known to the court, would have prevented the entry of the judgment, and not the lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it. *Marabia v. Thompson Hospital,* 309 Ill. 147; *Village of Downers Grove v. Glos,* 316 id. 563.''

We think this review of authorities discloses that errors which can be corrected by motion under section 89 are only such errors of fact as go to the capacity of the parties or misprision of the clerk of the court which do not contradict the record and which if known to the court would have prevented the entry of the judgment. This is the sum and substance of all the decisions, and we think the same disclose that the petition and affidavits here filed were wholly insufficient to justify the court in entering an order to set aside the judgment, because the alleged error which it is sought to correct appears by the allegation of the petition to be one which contradicts the finding of the court. The averments of the petition and the statements in the affidavit of Wentz are to the effect that on June 28 Judge Caverly entered an order dismissing the cause on motion of defendant at plaintiff's costs for want of prosecution and directed that the defendant have and recover from the plaintiff its costs and charges. It is also averred that the cause was not actually called for trial on June 28; on the contrary, the record of the court shows that the case was called for trial; that defendant failed to prosecute the appeal; that plaintiff's attorney made a motion, upon which the court ordered that the appeal be dismissed and that the plaintiff have judgment for his costs and charges.

These findings of the judgment cannot be contradicted by the affidavits nor does the fact that plaintiff demurred to the averments of the petition avail, since it is only facts that are well pleaded which the demurrer admits. The cases which we have reviewed disclose that in no one of them has the petition or affidavit of the parties making the motion been allowed to contradict the record of the court, and it is plain, both upon reason and authority, that to permit such a practice would result in an intolerable situation. Thus in *People ex rel. O'Connell v. Noonan, supra,* the court goes so far as to hold that where the record shows that a party was personally present in court, that party will not be permitted to aver or prove that he was not in fact present.

As to the further averments of the petition and affidavits that the clerk of the court made changes in his minutes, this would not constitute an error of fact under section 89. Indeed, the presumption would be that the clerk in making such corrections was only performing his duty. As plaintiff points out, matters relating to the clerk's notation in his minute book and docket and also on the file wrapper, in so far as the same are alleged, appear to be of such a nature that they came into existence only after the judgment had been pronounced and not before it was entered, and hence these could not have been the cause of the failure of the court to be informed upon any question of fact which could have precluded the entry of the judgment. Moreover, the memoranda of the clerk made after the judgment was pronounced are not part of the record of the court. They are not required to be made or kept by law; they are merely memoranda for the convenience of the clerk from which the record is made up by him. *People v. Petit,* 266 Ill. 628.

It may possibly be true (although we do not wish to be understood as so holding) that the memoranda

might have been made the basis of an order after the term for the amendment of the judgment which was entered. Judgments may be amended after the term where there are memoranda in the files or kept by the judge which may form the basis of such amendment, although in such case the judgment itself may not be set aside. In the interest of public justice, such memoranda should be kept by every judge who pronounces a judgment in any case before him. It is significant that the motion here was not made before the judge who entered the judgment.

The demurrer to the petition of defendant and the affidavits submitted in behalf of his motion were improperly overruled, and the order setting aside the judgment was unwarranted. The order is therefore reversed.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.